Philip PHILBOSIAN, Plaintiff,

v.

FIRST FINANCIAL SECURITIES COR-
PORATION, a Delaware corporation;
Norman McKinney; William O. Kleping-
er; and Sanford B. Hertz, Defendants.

No. 82–K–773.

United States District Court,
D. Colorado.

Oct. 8, 1982.

Michael H. Berger, Waldbaum, Corn &
Koff, P.C., Denver, Colo., for plaintiff.

Marc N. Geman, Fishman, Geman, Gersh
& Bursiek, P.C., Denver, Colo., for First
Financial and Klepinger.

Richard F. Mauro, Kenneth R. Fimberg,
Morrison & Foerster, Denver, Colo., for
McKinney.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This action is brought under the Securi-
ties Act of 1933, the Securities Exchange
Act of 1934, Rule 10b–5, the Colorado Secu-
rities Act of 1981, and the common law.
Three defendants have filed motions to dis-
miss some or all of the claims for relief
enumerated in the complaint. Defendants
First Financial and Klepinger seek dismiss-
al of plaintiff's third claim, and defendant
McKinney moves for dismissal of the entire

complaint.[1] For the reasons set forth below, the motions to dismiss are granted in part and denied in part.

Plaintiff recounts a series of transactions in his complaint and charges the defendants with various acts of fraud, misrepresentation, negligence, breach of fiduciary duty and civil conspiracy. In 1979, plaintiff and others promoted and formed Energy Capital Development Corporation. In 1980, ECDC was merged with Harris Energy Corporation and the corporation continued business under the ECDC name. In February, 1981, the ECDC Board of Directors requested the resignation of plaintiff from his position as officer and director. Plaintiff alleges that certain representations were made to him by ECDC officers including defendants McKinney, ECDC's president, and Hertz, counsel for ECDC. These representations related to the salability of plaintiff's stock holdings in ECDC. Plaintiff claims that at the time these representations were made, these defendants knew that the statements were false. Plaintiff relied on these representations and resigned his position.

When plaintiff tried to sell some of his ECDC common stock in February 1981, he was told by the transfer agent that the trade could not proceed without an opinion of ECDC's counsel approving the transfer. According to plaintiff, when defendant Hertz was contacted for an opinion, Hertz said he would not write an opinion letter without an advance fee payment of $500. Plaintiff paid the fee, but alleges that Hertz delayed writing the letter until the stock had significantly dropped, and when he finally did write the letter, stated that the sale could not proceed because the shares to be sold exceeded the volume limitations established in Rule 145. This letter was amended on July 1, 1981, and Hertz

then said the sale of the entire 46,284 shares could proceed. Both letters were sent through the U.S. mails.

On August 1, 1981, defendant Klepinger advised plaintiff that First Financial had a buyer for a large block of plaintiff's stock but at a price one-half of the current market share.[2] Klepinger promised to take care of any problems relating to the sale. Even after plaintiff requested to know the identity of the purchaser(s), Klepinger refused to disclose the information on the claim that it was confidential. Based on Klepinger's representations and other beliefs, plaintiff sold all 246,292 shares of his ECDC stock at the low price. Plaintiff charges that at least one of the buyers was defendant Hertz, and that defendant First Financial knew Hertz was a buyer.

## DEFENDANTS KLEPINGER AND FIRST FINANCIAL'S MOTION TO DISMISS

Defendants Klepinger and First Financial move to dismiss plaintiff's third claim for relief under Rule 12 F.R.Civ.P. on two grounds: first, because this claim is grounded on an implied right of action under Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) and there is no implied right of action under § 17(a); and, second, even if there is an implied right of action, only purchasers have standing to sue for § 17(a) violations and plaintiff was not a purchaser.[3] Plaintiff requests that I defer ruling on the question of the existence of a private right of action as I did in *Sterling Recreation Organization Co. v. Segal, et al.,* 537 F.Supp. 1024 (1982).

In *Sterling Recreation* I found that there was a split in the circuits on the issue of an implied right of action and there was no controlling precedent. I held that "[t]he

---

**1.** This defendant does not seek dismissal of the second, sixth and seventh claims as they are not brought against him.

**2.** The offer was for $.75 per share. The market price was $1.25 per share.

**3.** Section 77qa says: "It shall be unlawful for any person in the *offer or sale* of any securities

. . ." This section has been interpreted to apply to offers and sales and purchases of securities. The motion to dismiss on this ground is denied. *U.S. v. Naftalin,* 579 F.2d 444, rev'd on other grounds, 441 U.S. 768, 99 S.Ct. 2077, 60 L.Ed. 624, on remand, 606 F.2d 809, *McAndrews & Forbes Co. v. American Barmag Corp.,* 339 F.Supp. 1401 (D.C.S.C.1972).

existence of a private right of action under section 17(a) of the 1933 Act is therefore only relevant if there is conduct that has damaged a plaintiff that is prohibited by Section 17(a) and not by the regulations promulgated under section 10(b) [of the 1934 Act]." (footnotes omitted).

The situation in this case is little different. It is unclear in the instant case whether the plaintiff is alleging that any of the defendants' conduct violated section 17(a) and not rule 10b–5. The four-part test of *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975) for determining whether a federal statute has an implied right of action has not been applied here. I make no ruling on the private right of action question until the parties have been allowed sufficient opportunity to conduct discovery. An appropriate motion for partial summary judgment may be filed at some future time.

### DEFENDANT McKINNEY'S MOTION TO DISMISS

Defendant McKinney has filed a motion to dismiss under F.R.Civ.P. 12(b)(6) and 9(b) for failure to state a claim upon which relief can be granted and failure to plead fraud with requisite particularity. This defendant makes a similar argument that defendants First Financial and Klepinger made as to a private cause of action under § 17. My ruling on this aspect of McKinney's motion to dismiss is the same. Movant also argues that there is no private cause of action under C.R.S. 1973 § 11–51–123 or under C.R.S. 1973 § 11–51–125(1), nor is there a separate cause of action for civil conspiracy *per se.*

Defendant McKinney charges that the complaint fails to state with particularity the representations allegedly made by him, the time, place and manner in which they were made, the facts constituting scienter, and in what manner, if any, plaintiff justifiably relied on McKinney's representations. Plaintiff responds that he has plead with particularity as is required by F.R.Civ.P. 8(a) and 9(b).

4.  228 F.Supp. at 774.

■ While on the district court bench, Judge Doyle in *Trussell v. United Underwriters, Ltd.,* 228 F.Supp. 757 (D.Colo.1964) held:

> "Rule 9(b) does not, however, require the pleading of detailed evidentiary matter nor does it require any particularity in connection with an averment of intent, knowledge, or condition of mind. It only requires identification of the circumstances constituting fraud or mistake. That requirement means, in the instant case, that individual plaintiffs should identify particular defendants with whom they dealt directly, and from whom they purchased stock; that individual plaintiffs should designate the occasions on which affirmative misstatements were allegedly made to them—and by whom; and that individual plaintiffs should designate what affirmative misstatements or half truths were directed to them and how." [4]

Plaintiff has provided the necessary identification and has satisfied the *Trussell* requirements. The motion to dismiss is denied on this ground.

■ Movant also charges a failure adequately to allege scienter, materiality, reliance, causal connection and failure to state a claim upon which relief can be granted. Plaintiff counters that his complaint does contain adequate specificity as to this defendant.

In *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957), the Supreme Court outlined the standard to be used in measuring a complaint for failure to state a claim:

> "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [5]

Plaintiff's complaint states charges that go beyond suggestions of mere negligence and contemplate a theory of liability resting upon intentional misconduct. *See, Weissbuch v. Merrill, Lynch, Pierce, Fenner &*

5.  335 U.S. at 43, 78 S.Ct. at 102.

*Smith, Inc.,* 558 F.2d 831, 833 (7th Cir. 1977). I find that plaintiff has plead scienter, materiality, reliance and causal connection with enough specificity to withstand a motion to dismiss under Rule 12, see, *Joyce v. Joyce Beverages Inc.,* 571 F.2d 703, 707 (2nd Cir. 1978) and that he has stated a claim upon which relief can be granted.[6] The motion to dismiss on this ground is denied.

Defendant McKinney further seeks to have the action dismissed against him on plaintiff's claims under C.R.S. 1973 §§ 11–51–123 and 11–51–125(1) stating an absence of any private right of action under those statutes. Plaintiff in his response brief argues that there "clearly" is a right of action, but cites no authority in support. Movant has provided copies of opinions by Judges Arraj and Matsch dealing with this same question,[7] and both find that there is no private right of action. I find no authority that holds otherwise. Defendant McKinney's motion to dismiss the claims based on C.R.S. 1973 §§ 11–51–123 and 11–51–125(1) is granted.

Under the principles of *Morrison v. Goodspeed,* 100 Colo. 470, 479, 68 P.2d 458, 464 (1937), civil conspiracy is not actionable *per se.* Defendant McKinney moves to dismiss plaintiff's fifth claim for relief on this ground. The motion is denied. Both *Morrison, supra,* and *More v. Johnson,* 193 Colo. 489, 568 P.2d 437 (1977) hold that there is no action for civil conspiracy unless and until actual damages are sustained and proven. If plaintiff fails to prove actual damages, the claim for civil conspiracy falls. Plaintiff has alleged sufficient facts to establish four of the five elements of a claim of civil conspiracy set out in *Lockwood Grader Corp. v. Bockhaus,* 129 Colo. 339, 345–46, 270 P.2d 193, 196 (1954).[8] The burden of proof of actual damages will be on the plaintiff at the time of trial.

It is ORDERED that the motion to dismiss of defendants First Financial and Klepinger are denied, and that the motion of defendant McKinney to dismiss is granted in part and denied in part.

---

**6.** Defendant McKinney correctly argues that plaintiff's allegation that he would not have resigned from ECDC but for certain representations that were made to him alone does not state a securities claim. But reading the pleading as a whole, I hold that plaintiff's complaint is sufficient enough to withstand a Rule 12(b)(6) motion.

**7.** Judge Arraj's opinion in *Goldblatt v. Dean Witter & Co.,* Civil Action No. C–2699 (August 31, 1971) dealt with the predecessor statute, C.R.S. 1963 § 125–1–1.

**8.** The elements of a claim of civil conspiracy are:

"(1) two or more persons, and for this purpose a corporation is a person;

(2) an object to be accomplished; .

(3) a meeting of the minds on the object or course of action;

(4) one or more unlawful overt acts; and

(5) damages as the proximate result thereof."