PIPER ACCEPTANCE CORPORATION, a Florida corporation, Plaintiff,

v.

William E. SLAUGHTER, Janice H. Slaughter, Dennis C. Hayzlett and Catharine C. Hayzlett, individuals, Defendants.

Dennis C. HAYZLETT and Catharine C. Hayzlett, Third-Party Plaintiffs,

v.

BELLAS AVIATION, INC. d/b/a Rocky Mountain Piper, Anthony G. Bellas, Gerard A. Bellas, Stella K. Bellas, Daniel J. Bellas, Bangor Punta Corporation and its Subsidiaries, Piper Aircraft Corporation, Rocky Mountain Aircraft, Inc., Rocky Mountain Piper, Inc., a Colorado corporation, Alfred Anderson, Michael Littman and Dan Bellas, Third-Party Defendants.

No. 84–K–907.

United States District Court, D. Colorado.

Jan. 7, 1985.

**170**

Brian A. Magoon, John R. Reha, McMartin, Burke, Loser & Fitzgerald, P.C., Englewood, Colo., for plaintiff and defendant Bangor Punta.

Peter R. Bornstein, Berenbaum & Weinshienk, Denver, Colo., for defendants Hayzlett.

Lance Astrella, Denver, Colo., for Rocky Mountain Aircraft.

### MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Defendants and third-party plaintiffs Dennis C. and Catharine C. Hayzlett entered into an agreement for the sale and leaseback of an airplane on or about December 23, 1981. In their third-party complaint the Hayzletts allege that this transaction involved the sale of a security by improper and fraudulent means. The airplane was manufactured by Piper Aircraft, a wholly owned subsidiary of Bangor Punta Corporation, and sold by Piper Aircraft's authorized dealer, Bellas Aviation. The transaction was financed by Piper's financing affiliate, Piper Acceptance Corporation. The leaseback provided for Bellas Aviation to have exclusive use of the airplane in operations such as flying lessons and charters to the public. In September 1982, Bellas Aviation transferred its interest in the airplane to Rocky Mountain Aircraft. Thereafter, Rocky Mountain Aircraft took over the operations of Bellas Aviation.

Piper Acceptance filed this suit in May, 1984 seeking recovery for breach of contract. The Hayzletts filed their answer, counterclaim and third-party complaint on

June 20, 1984 alleging fraud and securities violations associated with the sale and leaseback of the airplane. The third-party complaint sets forth five separate claims for relief as follows: the first claim alleges various misrepresentations in violation of §§ 10(b), 15(c)(1) and 20(a) of the Securities Exchange Act of 1934 and the regulations promulgated thereunder; the second claim alleges violations of federal securities registration requirements giving rise to claims under §§ 12(1) and 15 of the Securities Act of 1933; the third claim for relief alleges violations of §§ 12(2) and 15 of the Securities Act of 1933; the fourth claim alleges violations of Colorado securities laws, Colo. Rev.Stat. § 11–51–125 (1984 Cum.Supp.); and the fifth claim for relief alleges common law fraud. Before me now are motions to dismiss, for a more definite statement and for summary judgment filed by third-party defendants Bangor Punta Corporation, Rocky Mountain Aircraft, Inc. and Piper Acceptance Corporation.

*Personal Jurisdiction*

The uncontested affidavits submitted by Bangor Punta indicate that it is a Delaware corporation with its principal place of business in Greenwich, Connecticut. At no time material has Bangor Punta conducted business within the State of Colorado as contemplated by the Colorado long-arm statute, Colo.Rev.Stat. § 13–1–124 (1973). Accordingly, Bangor Punta argues that it does not have sufficient contacts with Colorado to provide for personal jurisdiction in this court. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ This position, however, misconstrues the jurisdictional basis underlying the Hayzlett's federal securities claims. Jurisdiction here is founded on specific statutory provisions authorizing nationwide service of process. Fed.R.Civ.P. 4(f). A claim under federal securities laws "may be brought in the district wherein any act or transaction constituting the violation occured." 15 U.S.C. § 78aa. Service of pro-

cess is, therefore, not constrained by the limitations of the Colorado long-arm statute or the minimum contacts requirements of *International Shoe*, but is "co-extensive with the boundaries of the United States." *See F.T.C. v. Jim Walter Corp.*, 651 F.2d 251, 256 (5th Cir.1981). Thus, the fairness requirements embodied in due process are satisfied if the party contesting personal jurisdiction is a resident of the United States, "the sovereign that has created the court." *Stafford v. Briggs*, 444 U.S. 527, 554, 100 S.Ct. 774, 789, 63 L.Ed.2d 1 (1980) (Stewart, J., dissenting). "Here the sovereign is the United States, and there can be no question but that ... [Bangor Punta] ... has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States Court." *Fitzsimmons v. Barton*, 589 F.2d 330, 333 (7th Cir.1979).

Relying upon *Oxford First Corp. v. PNC Liquidating Corp.*, 372 F.Supp. 191 (E.D. Pa.1974) Bangor Punta suggests that an additional standard of fairness should be applied to determine if due process is met through nationwide service of process. This, however, misconstrues the fairness requirement underlying personal jurisdiction. The fairness issues raised in *Oxford* relate to the appropriateness of litigating a case in a specific forum and not the power of a sovereign to exercise power over a litigant by asserting jurisdiction. The issues of fairness raised in *Oxford* and by Bangor Punta go to the issue of venue not jurisdiction. *See Fitzsimmons*, 589 F.2d at 334–35; *Clement v. Pehar*, 575 F.Supp. 436, 438–39 (N.D.Ga.1983). Bangor Punta does not contest venue in this court pursuant to 28 U.S.C. § 1404(a).

■ In the alternative, Bangor Punta argues that nationwide service of process pursuant to § 78aa extends only to the Hayzletts' federal securities claims and does not grant jurisdiction over Bangor Punta with regard to the pendent state law claims. *See, e.g., Wilensky v. Standard Beryllium Corp.*, 228 F.Supp. 703, 705–6 (D.Mass.1964). While there is authority for this position, a more reasoned view

extends personal jurisdiction concerning the federal claims to related and ancillary state claims. *See International Controls Corp. v. Vesco,* 593 F.2d 166, 175 n. 5 (2d Cir.), *cert. denied,* 442 U.S. 941, 99 S.Ct. 2884, 61 L.Ed.2d 311 (1979), *Robinson v. Penn Central Co.,* 484 F.2d 553 (3d Cir. 1973), *Emerson v. Falcon Mfg., Inc.,* 333 F.Supp. 888 (S.D.Tx.1971); C. Wright, Law of Federal Courts § 10 at p. 32 (4th Ed. 1983). Each of the Hayzletts' claims arise out of a common nucleus of operative facts. Moreover, the Hayzletts did not initially invoke the jurisdiction of this court, rather their claims arise in the nature of compulsory counterclaims. They should, therefore, not be prejudiced for initially failing to file suit in state court in Colorado or Delaware. Accordingly, I recognize pendent jurisdiction over all claims asserted under the laws of the State of Colorado.[1] I also exercise ancillary personal jurisdiction over Bangor Punta with regard to the state law claims.

## Statutes of Limitations

■ Third-party defendants argue that the Hayzletts' second and fourth claims for relief are barred by the relevant statutes of limitations. The second claim, asserted under §§ 12(1) and 15 of the Securities of 1933, must be brought within one year of the violation. 15 U.S.C. § 77m. The Hayzletts' counterclaim indicates that the relevant contract for the purchase of the airplane was entered in December, 1981. No other facts concerning the timing of the alleged securities violation are found in the June, 1984, counterclaim. The Hayzletts are under an obligation to plead affirmatively facts indicating compliance with the limitations period. *See Hagert v. Glickman, Lurie, Eiger & Co.,* 520 F.Supp. 1028, 1033 (D.Mn.1981); *Kroungold v. Triester,* 407 F.Supp. 414, 417–18 (E.D.Pa. 1975). The pleadings indicate only that the

violation occurred some two and one-half years before to the assertion of the claim. The second claim is, therefore, time barred.

■ Third-party defendants also argue that the Hayzletts' state securities claims, asserted in the fourth claim for relief, are time barred. Colorado statutes clearly provide that allegations of improper registration have a two year limitation, while allegations of fraud and misrepresentation have a three year limitation. Colo.Rev. Stat. § 11–51–125(8). Accordingly, state law claims alleging improper securities registration are dismissed. The motions to dismiss other state claims as time barred are denied.

## Successor Liability

■ Third-party defendant Rocky Mountain Aircraft was not incorporated until September 29, 1981, almost one year after the occurance of the events underlying the Hayzletts' allegations. The Hayzletts acknowledge that under normal circumstances Rocky Mountain Aircraft could. not be liable for actions taken before its corporate existence.

The Hayzletts argue that Rocky Mountain Aircraft's liability derives from its knowing acceptance of the fruits of fraud. *See U.S. v. Carbon County Land Co.,* 46 F.2d 980, 986 (10th Cir.1931). That is, as the successor to Bellas Aviation, Rocky Mountain Aircraft should be held liable for the actions of Bellas Aviation. The general rule, however, provides for non-liability of successor corporations. The risk of loss falls upon the injured party. *See Hickman v. Thomas C. Thompson Co.,* 592 F.Supp. 1282, 1283–84 (D.Colo.1984). The Hayzletts have alleged no facts suggesting that Rocky Mountain Aircraft was not a bona fide purchaser for value of Bellas Aviation's interests. Nor have they alleged any

---

**1.** In many instances I would decline jurisdiction over state claims pendent to federal securities claims because the state claims tend improperly to expand the scope and coverage of federal law and because the assertion of parallel but differing claims tends to confuse a jury. *See Anastasi v. American Petroleum, Inc.,* No. 82–K–841, slip

op. at 2 (D.Colo. Dec. 24, 1984), *relying upon, Kerby v. Commodity Resources, Inc.,* 395 F.Supp. 786 (D.Colo.1975). As noted, however, the Hayzletts' claims are in the nature of compulsory counterclaims to an action filed by Piper Acceptance Corp. The Hayzletts should not be prejudiced for not filing suit in state court.

facts giving rise to an exception to the general rule of non-liability of successor corporations. Accordingly, Rocky Mountain Aircraft's motion for summary judgment is granted.[2]

*Failure to State a Claim*

■ Bangor Punta and Piper Acceptance argue that the Hayzletts' claim should be dismissed for failure to state a claim upon which relief can be granted. In particular, the third-party defendants argue that the Hayzletts have not presented facts supporting claims of conspiracy, aiding and abetting or controlling person liability to link them to the alleged primary securities violations. They also argue that allegations of fraud have not been pled with particularity as required by Rule 9(b), Fed. R.Civ.P.

Rule 8(a), Fed.R.Civ.P., requires that claims for relief contain "... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 8(e)(1) requires that pleading to be "simple, concise, and direct. No technical forms of pleading or motions are required." The facts supporting the party's claim need not be set out in detail. All that is required is that the defendant is given fair "notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

For the defendant to prevail on a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), it must appear, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46, 78 S.Ct.

at 102; *see also Mitchell v. King,* 537 F.2d 385, 386 (10th Cir.1976). All facts, as distinguished from conclusory allegations, must be construed in favor of the plaintiff. *See Swanson v. Bixler,* 750 F.2d 810, at 812 (10th Cir.1984); *Gardner v. Toilet Goods Ass'n,* 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967). So long as the plaintiff may offer evidence to support a legally recognized claim for relief, the motion to dismiss should be denied. *Conley v. Gibson,* 355 U.S. at 41, 78 S.Ct. at 99, 2 L.Ed.2d at 80.

The documents attached to the complaint filed by Piper Acceptance as well as the allegations of corporate ownership and control among Bellas Aviation, Piper Acceptance and Bangor Punta are sufficient to overcome the motion to dismiss.

Rule 9(b), however, requires that allegations of fraud be set out with particularity. The Hayzletts' counterclaims present only the vaguest information as to the fraudulent acts. None of the requisite information required by the rule is alleged. *See Trussell v. United Underwriters Ltd.,* 228 F.Supp. 757, 774 (D.Colo.1964). The Hayzletts need present facts indicating the identity of the particular individuals who made the allegedly fraudulent misrepresentations, when such misrepresentations occurred and the basic substance of the misrepresentations. Nevertheless, the Hayzletts' counterclaim adequately presents the basic nature of the misrepresentations and the consequences which they suffered. Accordingly, the sanction of dismissal is not appropriate, but the motion for a more definite statement is granted. *See Dusesoi*

---

**2.** Because I find for Rocky Mountain Aircraft on the issue of successor liability I do not specifically address other defenses raised. However, one point merits clarification. Rocky Mountain Aircraft argues that Colo.Rev.Stat. §§ 11–51–123 and 11–51–125(1) do not provide for a private right of action. I so held in *Philbosian v. First Financial Securities Corp.,* 550 F.Supp. 61, 64 (D.Colo.1982). That opinion relied upon Judge Arraj's order in *Goldblatt v. Dean Witter & Co., Inc.,* No. C–2699, slip op. at 2 (D.Colo. Aug. 31, 1971) (Arraj, J.) and Judge Matsch's opinion in *Heard v. E.F. Hutton & Co.,* No. 75–M–362, slip

op. at 1 (D.Colo. July 31, 1975) (Matsch J.). Both of these orders pre-dated the 1981 amendments to the Colorado securities laws which provide in part: "Any person who recklessly, knowingly, or with an intent to defraud sells or buys a security in violation of 11–51–123 is liable to the person buying or selling a security in connection with the violation for such legal or equitable relief which the court deems appropriate...." Colo.Rev.Stat. § 11–51–125(2) (1984 Cum.Supp.). Accordingly, the holding in *Philbosian* was erroneous as applied to Colorado statutes as amended.

*v. United Refining Co.*, 540 F.Supp. 1260, 1272–73 (W.D.Pa.1982).

THEREFORE, IT IS ORDERED THAT:

1. Bangor Punta's motion to dismiss is denied;

2. The second claim for relief as asserted in the Hayzletts' counterclaim is dismissed as time barred;

3. All state law claims asserting improper securities registration are dismissed as time barred and the motion to dismiss all other state law claims is denied;

4. Rocky Mountain Aircraft's motion for summary judgment is granted;

5. The motion for a more definite statement is granted.

It is further ordered that the third-party plaintiffs shall file an amended counterclaim, consistent with this order, within fifteen (15) days of the date of this order. Third-party defendants shall file an answer to the amended counterclaim within fifteen (15) days of service.