**GILBERT, Dorothy on behalf of herself and all others similarly situated, Appellant,**

v.

**PRUDENTIAL–BACHE SECURITIES, INC., Bache, Halsey Stuart Shields Inc., and Estate of Maurice Savoy Muroff, Carol, Executrix of the Estate of Maurice Savoy.**

No. 84–1283.

United States Court of Appeals, Third Circuit.

Argued Nov. 28, 1984 *.

Decided Aug. 7, 1985.

* Held CAV pending action by Supreme Court in *Sedima.*

Donald B. Lewis (argued), Richard D. Greenfield, David B. Zlotnick, Greenfield, Chimicles & Lewis, Haverford, Pa., for appellant.

Leonard Barrack (argued), Gerald J. Rodos, Anthony J. Bolognese, Barrack, Rodos & Bacine, Philadelphia, Pa., for appellees, Prudential-Bache Securities, Inc. and Bache Halsey Stuart Shields, Inc.

Before HUNTER and WEIS, Circuit Judges, and COHEN,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

The appellant Dorothy Gilbert commenced this action in the United States District Court for the Eastern District of Pennsylvania on behalf of herself and all others similarly situated. She and the class claim that they purchased or sold the securities of Transcolt Resources, Inc. or New Frontier Exploration, Inc., two Canadian oil and gas companies, through defendant Prudential-Bache Securities, Inc. They claim that they were injured by a conspiratorial scheme and course of conduct engaged in by, among others, Maurice Savoy, a senior account executive of Prudential-Bache, aimed at promoting and manipulating the market for these allegedly worthless stocks. They further claim that defendant Bache, as well as Savoy and officers of Transcolt and New Frontier, conspired to issue false information concerning the viability of the companies in order to inflate artificially the price of the stocks and induce purchases. The amended complaint alleged violations of the Securities Exchange Act of 1934, common law fraud and misrepresentation, negligent misrepresentation, breach of fiduciary duty and breach of contract. In addition, it included a count alleging that the conduct of Prudential-Bache violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68 (1982).

The defendants filed a motion to dismiss for failure to state a claim under Fed.R. Civ.Pro. 12(b). The district court granted the motion as to the RICO claim, and denied it as to the remainder of the complaint. The district court based its dismissal of the RICO count on the failure of the plaintiffs to allege any nexus between the defendants and organized crime. In light of recent pronouncements by the Supreme Court concerning the scope of RICO, we will reverse the judgment of the district court and remand the case for further proceedings.

The district court, while recognizing that no nexus to organized crime is necessary to obtain a criminal RICO conviction, held that in a civil treble damage action, based on RICO, the plaintiff must allege more. The district court based its distinction on what it believed to be the intent of Congress. Noting that "Congress had previously enacted a comprehensive set of laws governing civil liability for securities violations," it concluded that there was "no reason to believe that Congress, in enacting RICO, had any thought of altering this regulatory scheme, except in the 'organized crime' context."

The plaintiffs here alleged that the defendants had violated 18 U.S.C. § 1962(c), which provides that it shall be unlawful for "any person" associated with an enterprise in interstate commerce to conduct the affairs of the enterprise through a pattern of "racketeering activity." "Person" is defined as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). "Racketeering activity," is defined to include, *inter alia*, "fraud in the sale of securities." *Id.* § 1961(1)(D). Violations of section 1962 are criminal offenses, *id.* § 1963, and "any person injured in his business or property by reason of a violation of section 1962" has a civil action for treble damages. 18 U.S.C. § 1964(c). On its face, therefore, RICO does not re-

---

* Honorable Mitchell H. Cohen, United States District Judge for the District of New Jersey, sitting by designation.

quire anything more to make out a civil claim than to make out a criminal case.

In *Sedima, S.P.R.L. v. Imrex Co., Inc.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the Supreme Court dealt with a similar challenge to the scope of RICO. There, the Court of Appeals for the Second Circuit had required the plaintiff in a private civil RICO action to allege "injury ... caused by an activity which RICO was designed to deter" and referred ambiguously to "mobsters," but also stated that it would not overrule a previous Second Circuit case rejecting a requirement of a nexus to organized crime. 741 F.2d 482, 492 (2d Cir. 1984) *rev'd* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The Supreme Court examined the requirement of "racketeering injury" in light of the language of the statute and found that there was "no room in the statutory language for an additional, amorphous 'racketeering injury' requirement." —— U.S. ——, 105 S.Ct. 3285. Moreover, the Supreme Court addressed the question of the general use to which civil RICO is presently being put. Examining the concerns of the Second Circuit, the Supreme Court acknowledged that instead of "being used against mobsters and organized criminals, it has become a tool for everyday fraud cases brought against 'respected and legitimate "enterprises." ' " *Id.* at ——, 105 S.Ct. at 3287. But the Court found that Congress intended to reach both legitimate and illegitimate enterprises. The "former enjoy neither an inherent incapacity for criminal activity nor immunity from its consequences." *Id.* Finally, the Supreme Court stated that it "is true that private civil actions under the statute are being brought almost solely against [legitimate] defendants, rather than against the archetypal, intimidating mobster. Yet this defect—if defect it is— is inherent in the statute as written, and its correction must lie with Congress." *Id.* ·

■ The holding of the Supreme Court in *Sedima,* refusing to require an allega-

tion of a particular kind of "racketeering injury" in a civil RICO claim, disposes of the issue in this case as well. The Court there refused to read into civil RICO any requirement, unexpressed by Congress, that the statute be confined to situations implicating organized crime or "mobsters." We will not, therefore, require the plaintiffs in this case to allege a nexus between the defendants and organized crime.

Accordingly, the judgment of the district court will be reversed, and the case remanded for further proceedings consistent with this opinion.[1]

---

**1.** The district court expressed some doubts as to the existence in this case of a properly-identified "enterprise." Because the court did not base its dismissal on those doubts, we do not address the enterprise issue.