769 F.2d 939
 Dr. Jack ALLOY and Evelyn Alloy, husband and wife; Dr.
David Cohen and Celia Cohen, husband and wife; David
Finkelstein, M.D. and Rosalind Finkelstein, husband and
wife; Finkelstein and Smith, P.C., Pension Trust and Profit
Sharing Trust; Israel I. Freedman and Bertha Freedman,
husband and wife; Erika Goodman; Laura Goodman; Sherman
Labovitz and Pauline Labovitz, husband and wife; A. Harry
Levitan and Elsie Levitan, husband and wife; Judith Miller;
Max Millman and Lillian Millman, husband and wife; Ruth
Miner, individually and as executrix and/or sole beneficiary
of the Estate of Ethel K. Huckins, deceased; Irma Ochroch;
Gertrude Rechtman; Edward Rosenberg and Vivian Rosenberg,
husband and wife; Seymour Schotz, M.D. and Helen Schotz,
husband and wife; Dr. William B. Schwab and Anita Schwab,
husband and wife; Women's International League for Peace
and Freedom, an Unincorporated Association; Women's
International League for Peace and Freedom, U.S. Section,
and Unincorporated Association; and Jack S. Zucker and Ann
F. Zucker, husband and wife, Appellants,
v.
MILLER, Joseph; Rush, William; Rush, Howard; Lazaroff,
Alan; and State Financial Corp., a Pennsylvania
Corporation; Miller, David P.; Miller,
Wendy; Miller, Rima; and
Miller, Beth, Appellees.
 No. 84-1178.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 28, 1984.*
Decided Aug. 7, 1985.
 
 Appeal from the United States District Court For the Eastern District of Pennsylvania; John P. Fullam, Judge.
 
 
 1
 Aaron Jay Beyer (argued), Meltzer & Schiffrin, Philadelphia, Pa., for appellants.
 
 
 2
 Howard D. Scher (argued), Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for appellees, Joseph Miller, David P. Miller, Wendy Miller, Rima Miller, and Beth Miller.
 
 
 3
 Jack A. Meyerson, Spector, Cohen, Gadon & Rosen, P.C., Philadelphia, Pa., for appellee, Howard Rush.
 
 
 4
 Before JAMES HUNTER, III and WEIS, Circuit Judges, and COHEN,** District Judge.OPINION OF THE COURT
 
 JAMES HUNTER, III, Circuit Judge:
 
 5
 The sole question presented by this appeal is whether the plaintiff in a civil action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961-1968 (1982), must allege a nexus between the defendant and "organized crime."
 
 
 6
 The plaintiffs, investors in Willbet Enterprises, Inc. and State Financial Corporation, brought this action in the United States District Court for the Eastern District of Pennsylvania against State Financial and officers of both Willbet and State Financial. The complaint alleged that the defendants had violated section 1962(c) of RICO and the analogous provision of Florida's RICO Act, Fla.Stat.Ann. 895.01-07, as well as the federal securities laws and various state laws, by engaging in a "Ponzi scheme" in connection with the sale of Willbet and State Financial Securities. The district court dismissed with prejudice plaintiff's RICO claims for failure to allege that the defendants were connected to organized crime.
 
 
 7
 For the reasons stated in our decision today in Gilbert v. Prudential-Bache Securities, Inc., 769 F.2d 940 (3d Cir.1985), we will reverse the judgment of the district court and remand for further proceedings consistent with this opinion.
 
 
 
 *
 Held CAV pending action by Supreme Court in Sedima
 
 
 **
 Honorable Mitchell H. Cohen, United States District Judge for the District of New Jersey, sitting by designation