COMMONWEALTH OF
PENNSYLVANIA,
Plaintiff,

v.

DERRY CONSTRUCTION CO., INC.,
and Latrobe Road Construction,
Inc., Defendants.

Civ. A. No. 85–688.

United States District Court,
W.D. Pennsylvania.

Sept. 18, 1985.

Carl Hisiro, David Cole, Harrisburg, Pa., for plaintiff.

Walter T. McGough, Pittsburgh, Pa., B. Patrick Costello, Greensburg, Pa., Stephen C. Kifer, Pittsburgh, Pa., for defendants.

## MEMORANDUM

McCUNE, District Judge.

On March 21, 1985, the plaintiff, Commonwealth of Pennsylvania, filed the present action against defendant, Latrobe Road Construction, Inc. (Latrobe), seeking damages for alleged violations of § 1 of the Sherman Act, 15 U.S.C. §§ 1-7 and §§ 1962(a) and 1962(b) of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.

An amended complaint was filed on March 28, 1985, naming Derry Construction Co., Inc. (Derry) as an additional defendant.

We consider the defendants' motions for a more definite statement and to dismiss the RICO count.

### Motion for a More Definite Statement

In paragraph 17 of plaintiff's amended complaint plaintiff alleges that:

17. Since at least August 1979, and continuing thereafter until at least sometime in 1980, the exact dates being unknown, defendants and their co-conspirators engaged in a combination or conspiracy in unreasonable restraint of interstate trade and commerce in violation of section 1 of the Sherman Act, 15 U.S.C. § 1.

The defendants contend that this allegation fails to allege with sufficient particularity the dates on which the alleged acts were to have occurred. Since the complaint merely states that they occurred from August 1979 and continued thereafter until sometime in 1980, the defendants argue they cannot frame a responsive pleading or determine what affirmative defenses might be available.

The same argument is raised with regard to plaintiff's RICO count. Paragraphs 29 and 30 of plaintiff's amended complaint refer to the use of the mails in furtherance of the antitrust conspiracy referred to in paragraph 17. Plaintiff claims that the alleged acts of mail fraud represented a pattern of racketeering activity.

These allegations fail, however, to give specifics as to date, time or persons involved. The defendants therefore argue that the plaintiff has failed to allege evidence of the predicate acts (mail fraud) with particularity, as required by FED.R. CIV.P. 9(b).

While we agree with the defendants that the contested allegations lack specificity, we are confronted by the familiar argument which arises from the situation

wherein the facts sought by the defendants are within the defendants' knowledge and control. The plaintiffs always argue that discovery should be permitted so that the facts might be supplied. The defendants insist on compliance with rule 9(b).

This court has had occasion to address this problem before in the case of *Chambers Development Co. v. Browning-Ferris Industries*, 590 F.Supp. 1528 (W.D.Pa. 1984).

In *Chambers* the plaintiff alleged, as a pattern of racketeering activity, that the defendants used the mails and wire communications for purposes of effectuating the underlying scheme. The plaintiff further alleged that this activity occurred during the past four years. The defendant in *Chambers* raised the same argument as is raised in the present case that the complaint did not meet the specificity requirements of FED.R.CIV.P. 9(b).

In agreeing with the defendant in *Chambers*, the court (per Judge Cohill) found that fraudulent acts, which are alleged predicate acts in RICO claims, must be plead with specificity.[1] 590 F.Supp. at 1537.

> FED.R.CIV.P. 9(b) requires that allegations of fraud be stated with 'particularity'. This rule applies to allegations of mail fraud as predicate RICO civil offenses and generally requires assertions of 'time, place and contents of false representations ... [and] the identity of the person making the misrepresentation ...'

*Id.*, citing *Eaby v. Richmond*, 561 F.Supp. 131 (E.D.Pa.1983) quoting *Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982).

■ We therefore conclude that plaintiff's complaint lacks specificity with regard to both its antitrust and RICO claims. We further conclude, however, that the proper remedy in this situation is not to immediately require a more definite statement since, as we have previously noted,

the facts sought by the defendants may be within their knowledge and control.

Instead, turning once again to the opinion in *Chambers*, a period of discovery will be allowed, after which the plaintiff will be permitted to file an amended complaint which meets the requirements of FED.R. CIV.P. 9(b).

Defendants may then renew their motions to dismiss for lack of specificity, if necessary, 590 F.Supp. at 1539, or may file other motions. Meanwhile, the defendants need not answer the complaint.

We consider this disposition proper because defendants have admitted violation of the Sherman Act in a criminal proceeding which is of record. Accordingly, this opinion is limited to the situation described.

*Motion to Dismiss RICO Claim*

After the defendants filed their motion to dismiss plaintiff's RICO claim, the United States Supreme Court addressed many of the issues raised by defendants' motion.

■ The defendants had argued that the plaintiff had not alleged a conviction of a predicate act and that the complaint failed to allege any "racketeering injury" separate and apart from the injury resulting from the alleged predicate acts.

In *Sedima, S.P.R.L. v. Imrex Co., Inc.*, — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) the Court held that a "prior conviction requirement cannot be found in the definition of 'racketeering activity'." *Id.* at —, 105 S.Ct. at 3281. Furthermore, there is no requirement of a racketeering injury separate from the harm from the predicate acts. *Id.* at —, 105 S.Ct. at 3284.

Likewise, there is no requirement, as defendants contend, that a connection with "organized crime" be alleged. *Id.* at —, 105 S.Ct. at 3286. *See also, Gilbert v. Prudential-Bache Securities, Inc.*, 769 F.2d 940 (3d Cir.1985).

The defendants' remaining argument, which was not addressed by the Supreme

---

**1.** Although the court in *Chambers* dealt with the specificity requirement solely in the context of a RICO claim, the reasoning in *Chambers* is equally applicable to the lack of specificity regarding plaintiff's antitrust claim in the instant case.

Court, is whether under §§ 1962(a) and 1962(b) of RICO the "person" must be separate from the "enterprise".

In paragraphs 24 and 25 of plaintiff's amended complaint, plaintiff defines Latrobe as both the "person" and the "enterprise" within the meaning of §§ 1961(3) and 1961(4) of RICO.

Cases cited by the defendants, including Judge Weber's recent decision in *Tarasi v. Dravo Corp.*, 613 F.Supp. 1235 (W.D.Pa. 1985), have consistently held that in the context of an action under *§ 1962(c)* of RICO, the "person" must be a separate and distinct entity from the "enterprise". *See, B.F. Hirsch v. Enright Refining Co., Inc.*, 751 F.2d 628 (3d Cir.1984).

It must be remembered, however, that the plaintiff brings the present action under *§§ 1962(a)* and *1962(b)*. While one would assume that the three sections should be interpreted in the same manner, a reading of the sections indicates that three different situations are involved, thus requiring separate analysis as to whether a "person" and "enterprise" can be the same entity.

In *Haroco, Inc. v. American Nat. B. & T. Co. of Chicago*, 747 F.2d 384 (7th Cir. 1984),[2] the court recognized the significant differences between subsections (a) and (c). Although the plaintiff in *Haroco* had abandoned its § 1962(a) claim the court nevertheless stated in dicta that:

> ... a corporation-enterprise may be held liable under subsection (a) when the corporation is also a perpetrator. As we parse subsection (a), a "person" (such as a corporation-enterprise) acts unlawfully if it receives income derived directly or indirectly from a pattern of racketeering activity in which the person has participated as a principal within the meaning of 18 U.S.C. § 2, and if the person uses the income in the establishment or operation of an enterprise affecting commerce. *Subsection (a) does not contain any of the language in subsection (c) which suggests that the liable person and the enterprise must be separate.* Under subsection (a), therefore, the liable person may be a corporation using the proceeds of a pattern of racketeering activity in its operations. This approach to subsection (a) thus makes the corporation-enterprise liable under RICO when the corporation is actually the direct or indirect beneficiary of the pattern of racketeering activity, but not when it is merely the victim, prize, or passive instrument of racketeering. This result is in accord with the primary purpose of RICO, which, after all, is to reach those who ultimately profit from racketeering, not those who are victimized by it. (Emphasis added).

*Id.*, at 402.

We have found no other cases which discuss whether a "person" and "enterprise" need be separate entities under §§ 1962(a) and 1962(b).

■ Nevertheless, we find the reasoning of the court in *Haroco* persuasive. This reasoning is supported by the language of § 1962.

■ We find no difficulty in reading § 1962(a) as prohibiting any person (Latrobe) who has received any income from a pattern of racketeering activity, from using or investing such income in the establishment or operation of any enterprise (Latrobe) which engages in interstate commerce. Logic dictates that a corporation, receiving income from a pattern of racketeering in which it has participated as a principal, can invest that income in its own operations.

■ Similarly, we would read § 1962(b) as prohibiting any person (Latrobe) from acquiring an interest in or control of an enterprise (Latrobe) engaged in interstate commerce, through a pattern of racketeering. It is perhaps arguable that a corporation, through a pattern of racketeering,

**2.** The district court in *Haroco* dismissed plaintiff's RICO claim under § 1962(c) for failure to allege a RICO injury separate from the injury arising from the predicate acts. The Court of Appeals for the Seventh Circuit reversed, 747 F.2d 384 (1984), and the United States Supreme Court eventually affirmed the decision of the Seventh Circuit. — U.S. —, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985).

**944**

might gain an interest in or control of itself through the purchase of outstanding shares of stock with the money from the pattern of racketeering.

We therefore do not encounter the problem caused by § 1962(c) where a person must be employed by or associated with an enterprise, thus raising the impossibility of Latrobe employing or associating with itself.

Therefore we conclude that the plaintiff has set forth a claim under §§ 1962(a) and 1962(b) of RICO.

Finally, Derry raises the argument that plaintiff has not alleged a "pattern of racketeering activity" by Derry.

We believe that this argument fails.

■ Plaintiff has alleged a conspiracy between Derry and Latrobe. Plaintiff has also alleged that the mailing of bills and receipt of payments through the mails was in furtherance of that conspiracy. These acts of alleged mail fraud, which are also alleged to represent a "pattern of racketeering", are therefore imputed to Derry. Plaintiff's complaint thus sufficiently alleges a "pattern of racketeering activity" by Derry.

An order follows.