782 F.2d 883
 PLAINS RESOURCES, INC., a Delaware corporation, Plaintiff-Appellant,
v.
John R. GABLE, J. Alan Gable, Ron Young, Terry Reed, Alan
Gable Oil Development Co., Hunt Oil Company, Oil Development
Co., Deep Rock Oil Company, Globe Drilling Co., Royal
Development Corp., Oil Field Trucking Co., Hi-Light Drilling
Co., Inc., Anaconda Oil Co., American Standard Oil Co.,
Gable Trucking Co., Gable Drilling Co., Colorado Empire
Drilling Co., Rocky Mountain Drilling Company, Reserve
Drilling Corporation, Alan C. Wassenberg, Oscar Brown, James
Moreland, Ming T. Lee, and individually and as Trustees of
the Gable Family Trust, Joann Gable, Judy Gable and, as
Trustee of the Gable Family Trust, Diana Gable, Defendants-Appellees.
 No. 84-2037.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 24, 1986.
 
 Mark E. Herlihy, New York City (Dennis J. Drebsky of Skadden, Arps, Slate, Meagher & Flom, New York City, and Hardin Holmes and Kenneth L. Starr of Holmes & Starr, Denver, Colo., were also on brief), for plaintiff-appellant Plains Resources, Inc.
 James W. Heyer, Denver, Colo. (O. Jackson Cook of Jackson Cook and Associates, Atlanta, Ga., was also on brief), for defendants-appellees John R. Gable, et al.
 Mary Jo Duckworth, Denver, Colo. (Scott Gelman of Greengard & Senter, Denver, Colo., was also on brief), for defendant-appellee James Moreland.
 Before HOLLOWAY, Chief Judge, and LOGAN, Circuit Judge, and SEAY, District Judge.*
 HOLLOWAY, Chief Judge.
 
 
 1
 Plaintiff Plains Resources, Inc. (Plains), appeals the district court's dismissal under F.R.C.P., Rule 12(b)(6) of the first four causes of action of its amended complaint, which allege violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Sec. 1961 et seq. (RICO), and the Colorado Organized Crime Control Act, Secs. 18-17-101 to 109, 8 C.R.S. ("COCCA"). The district court dismissed these claims on the ground that RICO and COCCA require averment and proof of a connection between the defendants' activities and organized crime, which, the district court held, plaintiff did not allege. The court also entered an order under Rule 54(b), F.R.C.P. for immediate entry of judgment.
 
 
 2
 * In November 1983 Plains filed its amended complaint against the defendants in this action. The complaint asserts six causes of action concerning the conduct of the affairs of an enterprise through a pattern of alleged racketeering activity in violation of 18 U.S.C. Sec. 1962(c), conspiracy to violate RICO in violation of 18 U.S.C. Sec. 1962(d), violations of COCCA, Secs. 18-17-104(3) and 106, 8 C.R.S., conspiracy to violate COCCA, civil conspiracy, and breach of the defendants' common law duty not to conduct the affairs of a bankrupt corporation, Empire Oil & Gas Company, so as to cause its insolvency. I R. 23-31. Plains seeks $1.9 million in actual damages and $3.8 million in punitive damages, all trebled under 18 U.S.C. Sec. 1964(c), on its first and second causes of action, for violation of RICO, $1.9 million in actual damages trebled pursuant to Sec. 18-17-106(7), 8 C.R.S., together with $3.8 million in punitive damages on its third and fourth causes of action for violation of COCCA, and actual damages of $1.7 million and punitive damages of $3.4 million on its fifth and sixth causes of action for civil conspiracy and breach of common law rights, respectively. Plains also seeks attorney's fees and costs. I R. 31-33.
 
 
 3
 The action arises out of Plains' alleged inability to collect a judgment for $1,596,095 entered against two companies allegedly controlled by defendant John R. Gable, Empire Drilling Company and Empire Oil and Gas Company. I R. 4, 46. Both of these entities filed bankruptcy petitions in the District of Colorado. (In re Empire Drilling Co., Case No. 83 B 03536 G; In re Empire Oil & Gas Co., Case No. 82 B 03985 Mc). I R. 46. The amended complaint essentially alleges that Plains fell victim to a racketeering enterprise dominated by defendant John R. Gable. Plains avers that the enterprise engaged in oil and gas exploration and contract drilling through a number of corporate entities and received financing through various unlawful or fraudulent schemes, including mail fraud, wire fraud and fraudulent billing practices. Plains' injury allegedly arose from fraudulent transfers, securities fraud and bankruptcy fraud. The amended complaint states that all the individual defendants are or were officers, directors or controlling persons in the corporate entities through which defendant Gable allegedly conducted the affairs of his racketeering enterprise. I R. 47.
 
 
 4
 Some of the defendants, all of the appellees here other than James Moreland and Alan Wassenberg, filed a motion to dismiss or in the alternative to transfer. The motion sought dismissal of the action under Rule 12(b)(6) on the ground that the first four causes of action did not state claims on which relief could be granted because the first and last sets of predicate acts on which Plains was basing its claims under RICO and COCCA occurred more than 10 years apart, and because other predicate acts were alleged so vaguely in the complaint that the appellees claimed they could not frame a defense to these claims. Alternatively, the movants sought a change of venue pursuant to Rule 12(b)(3) on the ground that not all of the defendants reside in the District of Colorado and that plaintiff alleged no specific acts which occurred in Colorado. I R. 35. Subsequently, the movants also amended their motion to seek a transfer of the action under 28 U.S.C. Sec. 1404(a). I R. 94-99.
 
 
 5
 After Plains submitted its response and supplemental memoranda supporting and opposing the motion were filed, the district court dismissed causes of action one through four of the amended complaint. Instead of basing its ruling on issues raised, the court grounded its dismissal of the claims under RICO and COCCA on "the failure of the complaint to allege that the conduct described as 'racketeering activity' is connected to criminal conduct of an organized nature." I R. 110. The court denied the motions to dismiss for improper venue and to transfer and ordered defendants to answer the remaining claims. I R. 114. After the defendants answered, Plains filed a motion for a rehearing of the district court's order dismissing its first four causes of action, or, in the alternative, for certification of the order and entry of a final judgment on the first four causes of action under Rule 54(b), F.R.C.P. The court granted Plains' motion for certification and entry of a final judgment, and this appeal followed.
 
 
 6
 On appeal, Plains argues that it need not allege that defendants' activities were connected to organized crime, or in the alternative that the allegations of the amended complaint are sufficient to meet this requirement should we impose it. Brief For Plaintiff-Appellant, at 17-18, 19-21. Although the moving defendants respond to these contentions, Brief For Moving Defendants-Appellees at 4-5, the bulk of their argument on appeal involves issues not addressed by the district court.[1] Since we agree with Plains that neither RICO nor COCCA requires it to plead a connection between defendants' activities and organized crime, we need not reach its contention that the amended complaint adequately alleges such a connection. And since the district court has not had an opportunity to consider the additional issues which the defendants present in their brief, we decline to do so. On the holding which was made, we disagree with the district court's dismissal of the four counts and must reverse.II
 
 
 7
 We disagree with the view that, to state such a RICO claim, a plaintiff must allege and prove that the conduct described as "racketeering activity" is connected to criminal conduct of an origanized nature. We are persuaded by the opinions which have held that there is no such requirement in a civil setting. See, e.g., Moss v. Morgan Stanley, Inc., 719 F.2d 5, 20-21 (2d Cir.1983), cert. denied sub nom. Moss v. Newman, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); Gilbert v. Prudential-Bache Securities, Inc., 769 F.2d 940, 942 (3d Cir.1985); Owl Const. Co. Inc. v. Ronald Adams Contractor, Inc., 727 F.2d 540, 542 (5th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984); Sutliff, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir.1984); Bennett v. Berg, 685 F.2d 1053, 1063-64 (8th Cir.1982), aff'd on reh. en banc, 710 F.2d 1361 (8th Cir.), cert. denied sub nom. Prudential Insurance Co. v. Bennett, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). Also in accord with this position are those courts which refuse to recognize such a requirement in a criminal setting. See, e.g., United States v. Uni Oil, Inc., 646 F.2d 946, 953 (5th Cir.1981), cert. denied sub nom. Corbitt v. United States, 455 U.S. 908, 102 S.Ct. 1254, 71 L.Ed.2d 446 (1982); United States v. Aleman, 609 F.2d 298, 303 (7th Cir.1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980); United States v. Campanale, 518 F.2d 352, 363-64 (9th Cir.1975), cert. denied sub nom. Grancich v. United States, 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 638, reh. denied, 424 U.S. 950, 96 S.Ct. 1422, 47 L.Ed.2d 356 (1976); United States v. Gottesman, 724 F.2d 1517, 1521 (11th Cir.), reh. denied, 729 F.2d 1468 (11th Cir.1984).
 
 
 8
 No language in the statute itself limits RICO's civil remedies to suits against persons connected with organized crime, and the legislative history reveals that Congress declined to create such a limitation, both to insure that the statute would achieve its purpose, Sutliff, Inc., supra, 727 F.2d at 654, and because of constitutional problems and vagueness which Congress thought that requiring a connection of this sort might create. Moss, supra, 719 F.2d at 21 n. 17. The Seventh Circuit has pointed to persuasive portions of the legislative history on this point:
 
 
 9
 And as Senator McClellan conceded, 'of course, it is true that Title X will have some application to individuals who are not themselves members of La Cosa Nostra or otherwise engaged in organized crime. However, that is not a reason to cut back its scope ...' "
 
 
 10
 Schacht v. Brown, 711 F.2d 1343, 1354 (7th Cir.1983), cert. denied, 464 U.S. 1002, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983) (footnote omitted).[2]
 
 
 11
 Further, the Supreme Court's recent decision in Sedima v. Imrex Co., Inc., --- U.S. ----, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), which the district judge did not have an opportunity to consider, convinces us that we must reject his ruling. The Supreme Court did not characterize the Second Circuit's holdings in Sedima in the same terms as were used by the district judge here. The Court said the Second Circuit had "construed Sec. 1964(c) to permit private actions only against defendants who had been convicted on criminal charges, and only where there had occurred a 'racketeering injury.' " Id. at ----, 105 S.Ct. at 3277 (Emphasis added). Further the Court described the Second Circuit's requirement of a "racketeering injury" as "an injury 'different in kind from that occurring as a result of the predicate acts themselves, or not simply caused by the predicate acts, but also caused by an activity which RICO was designed to deter.' " Id. at ----, 105 S.Ct. at 3284.
 
 
 12
 Here the district court did use somewhat similar reasoning, holding the amended complaint defective because of "the failure of the complaint to allege that the conduct described as 'racketeering activity' is connected to criminal conduct of an organized nature." I R. 110. The Supreme Court's reasoning and its view of the legislative history persuade us that we must reverse the dismissal in this case. In Sedima, the Court pointed out that a violation of Sec. 1962(c)--the premise for Sec. 1964(c) treble damages--"requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity...." --- U.S. at ----, 105 S.Ct. at 3284 (Footnote omitted). The court stated that
 
 
 13
 If the defendant engages in a pattern of racketeering activity in a manner forbidden by [Secs. 1962(a)-(c) ], and the racketeering activities injure the plaintiff in his business or property, the plaintiff has a claim under Sec. 1964(c). There is no room in the statutory language for an additional, amorphous 'racketeering injury' requirement.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 .... Where the plaintiff alleges each element of the violation, the compensable injury necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise.
 
 
 17
 --- U.S. at ----, 105 S.Ct. at 3284-87 (Emphasis added; footnotes omitted).
 
 
 18
 We likewise hold here that the statutory language does not have room for an added requirement "that the conduct described as 'racketeering activity' is connected to criminal conduct of an organized nature." I. R. 110. The straight-forward analysis of the Supreme Court on the required elements of a cause of action under Sec. 1962(c) does not square with the narrowing interpretation of the statute which premised the dismissal of the first four claims of the amended complaint here.
 
 
 19
 Moreover, we need not recount the legislative history. It has been authoritatively interpreted by the Supreme Court in Sedima, --- U.S. at ----, 105 S.Ct. at 3286; and in United States v. Turkette, 452 U.S. 576, 588-593, 101 S.Ct. 2524, 2531-33, 69 L.Ed.2d 426 (1981). "RICO is to be read broadly," Sedima, --- U.S. at ----, 105 S.Ct. at 3286, and is to "be liberally construed to effectuate its remedial purposes." Id., quoting Pub.L. 91-452, Sec. 904(a), 84 Stat. 947. The history does not support a restrictive approach in interpreting the statute but instead points to a broad reading of the Act and its remedial provisions.
 
 
 20
 In sum, the language and history of the statute and the guidance from the Court in Sedima and other courts cause us to reject the requirement that a RICO plaintiff must aver and prove that the conduct described as racketeering activity be connected to criminal conduct of an organized nature.
 
 III
 
 21
 For similar reasons, we disagree with the district court's dismissal of plaintiff's state law claims under the Colorado Organized Crime Control Act, Secs. 18-17-101 to 109, 8 C.R.S. (1985 Supp.) (COCCA). The statute's provisions are similar to those of RICO,[3] and the Colorado Supreme Court has said that COCCA is "modeled after" RICO. Benson v. People, 703 P.2d 1274, 1276 n. 1 (Colo.1985). While federal precedent is, of course, not controlling in the interpretation of state law, we feel that the Colorado courts would find highly persuasive the reasoning of the numerous federal cases declining to impose a requirement that a plaintiff plead and prove a connection with organized crime under RICO and would not impose such a requirement under COCCA.
 
 IV
 
 22
 For these reasons we reverse the judgment dismissing the four causes of action of the amended complaint and remand the case to the district court for further proceedings.
 
 
 
 *
 The Honorable Frank H. Seay, Chief Judge of the Eastern District of Oklahoma, sitting by designation
 
 
 [1]
 In addition to reiterating the argument that Plains' allegations of certain predicate acts are too vague and uncertain for defendants to be able to frame a defense, I R. 35, 87, Brief of Moving Defendants and Appellees, at 26-27, the brief claims that Plains has failed to allege the essential elements of the predicate offenses of federal mail or wire fraud or state securities law violations, that Plains failed to allege facts showing the moving defendants participated in the conduct of the alleged enterprises' affairs, id. at 13, that Plains failed to allege sufficiently the existence of a racketeering enterprise injury, id. at 17, and that, for various reasons not raised below, the first four causes of action do not meet the specificity requirements of Rule 9(b) of the Federal Rules of Civil Procedure
 
 
 [2]
 The district court relied on Noland v. Gurley, 566 F.Supp. 210 (D.Colo.1983) for its view that "a literal interpretation of the statute has the effect of making treble damages available for injuries of a kind which the statutes were not intended to address." Slip op. at 3-4. See also Hokama v. F.F. Hutton Co., 566 F.Supp. 636, 642-44 (C.D.Cal.1983); Adair v. Hunt International Resources Corp., 526 F.Supp. 736, 746-48 (N.D.Ill.1981) (holding that a connection with organized crime is required to recover treble damages under RICO). We have not, however, found a court of appeals ruling which supports this position
 We understand the concern, as voiced by the Supreme Court, is that "in its private civil version, RICO is evolving into something quite different from the original conception of its enactors," Sedima, S.P.R.L. v. Imrex Company, Inc., --- U.S. ----, ----, 105 S.Ct. 3275, 3286, 87 L.Ed.2d 346 (1985). Nevertheless we think that requiring a connection with organized crime runs counter to the Court's admonition against reading into the statute requirements which do not appear from its plain language, and that such a requirement incorrectly implies that Congress intended RICO to apply exclusively to traditional criminal organizations, such as La Cosa Nostra. See Schacht v. Brown, supra, 711 F.2d at 1354-56 (recognizing RICO's applicability to many kinds of ordinary business fraud). Indeed the Supreme Court has characterized as "discredited" the "requirement of an organized crime nexus ..." Sedima, supra --- U.S. at ---- n. 6, 105 S.Ct. at 3280 n. 6.
 
 
 [3]
 COCCA allows "[a]ny person injured by reason of any violation of" Section 18-17-104, which sets forth prohibited activities, to sue for "threefold the actual damages sustained," attorney's fees, and costs. Sec. 18-17-106(7), 8 C.R.S. (1985 Supp.). The prohibited activities include investment of proceeds "derived, directly or indirectly, from a pattern of racketeering activity" in real property or "any enterprise," Sec. 18-17-104(1)(a), acquisition or maintenance of an interest in any enterprise "through a pattern of racketeering activity," id, Sec. 18-17-104(2), conducting an enterprise's activities through such a pattern, id, Sec. 18-17-104(3), and "conspir[ing] or endeavor[ing] to violate any of the provisions ... of this section." Id., Sec. 18-17-104(4). "Pattern of racketeering activity means engaging in at least two acts of racketeering activity which are related to the conduct of the enterprise" and are committed within ten years of one-another. Id., Sec. 18-17-103(3). Racketeering activity is defined as the commission of various offenses set forth in the statute. Id., Sec. 18-17-103(3). The analogous provisions of RICO are set forth in 18 U.S.C. Secs. 1961(1), (5); 1962; 1964(c)