**JACKSON COUNTY FEDERAL SAVINGS AND LOAN ASSOCIATION,**
Plaintiff,

v.

**MADUFF MORTGAGE CORPORATION, et al., Defendants.**

**FIRST AMERICAN TITLE INSURANCE CO.,**
Plaintiff,

v.

**MADUFF MORTGAGE CORPORATION, et al., Defendants.**

Civ. A. Nos. 84–F–505, 84–F–933.

United States District Court, D. Colorado.

Feb. 12, 1986.

Michael J. Abramovitz, James L. Kurtz-Phelan, Berenbaum and Weinshienk, Denver, Colo., for plaintiff Jackson County Federal Sav. and Loan.

Richard I. Brown, Haligman, Zall and Lottner, Englewood, Colo., for defendants Maduff Mortg., Maduff Group, Inc., and Maduff & Sons, Inc.

Britt C. Anderson, Christine J. Jobin, Michael Katch, Katch, Anderson and Wasserman, Denver, Colo., for defendant Colorado Nat. Bank.

Hugh A. Burns, Phillip S. Figa, Burns and Figa, Denver, Colo., for plaintiff First American Title Ins. Co.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER is before the Court on Colorado National Bank's Motion to Dismiss Fourth, Tenth, Twelfth, Sixteenth and Nineteenth Claims of the First Amended Complaint. Having carefully reviewed the pleadings, briefs and relevant case law, we are of the view that the Motion should be GRANTED in part and DENIED in part.

### I.

The relevant facts in this matter have been adequately set forth in the May 15, 1985 Order entered by Judge Moore. 608 F.Supp. 588. Those facts are expressly incorporated in this order.

### II.

■ Colorado National Bank ("CNB") has moved to dismiss plaintiff JCF's Fourth Claim for Relief. JCF's Fourth Claim for Relief requests that the Court determine that CNB is not a holder in due course. This issue was addressed and resolved on Judge Moore's Order of May 15, 1985, in which he pointed out that CNB does not

> assert its rights as a holder in due course of the Aspenridge Note and Deed of Trust, but rather, it claims superiority only as a secured party with a perfected security interest under Article 9. I agree with CNB that its ability to qualify as a holder in due course is irrelevant to the question of its priority in the instruments as a secured party.

Judge Moore's Order, pp. 595–6. JCF has not objected to CNB's motion to dismiss the Fourth Claim for Relief. As we feel that Judge Moore's holding is the law of the case, JCF's Fourth Claim for Relief is dismissed.

### III.

■ JCF's Tenth Claim for Relief alleges fraudulent concealment by CNB and Maduff Mortgage Corp. The Twelfth Claim

for Relief alleges conspiracy of CNB and Maduff Mortgage Corp. to defraud JCF. The Fourteenth Claim for Relief alleges conspiracy to defraud JCF. The Nineteenth Claim for Relief also alleges conspiracy to defraud JCF.

CNB has moved to dismiss these claims [1] on the grounds that JCF has failed to allege these claims with the requisite particularity required by Fed.R.Civ.P. 9(b). With respect to the Tenth Claim for relief, we are of the view that the allegations are sufficient to meet the requirements of Rule 9(b). Accordingly, the Motion to Dismiss the Tenth Claim for Relief is DENIED.

JCF has represented that it is moving to dismiss its Twelfth and Nineteenth Claims that Maduff Mortgage Corporation and CNB conspired together to defraud JCF. JCF's Reply Brief at p. 2. JCF has further stated that "(a)fter the removal of the conspiracy claims in Claims Twelve, Fourteen and Nineteen and part of Sixteen, the First Amended Complaint contains the specificity required by Rule 9(b)." Apparently, JCF does not dispute that these claims for relief are not pled with the requisite particularity. Even if JCF did dispute CNB's assertions on this point, we would be obligated to rule in favor of CNB. JCF's complaint simply does not allege any facts to support the claims that a "common plan" or "scheme" was entered into by the defendants. Accordingly, the Motion to Dismiss the Twelfth and Nineteenth Claims for Relief is GRANTED. Further, the Court *sua sponte* dismisses the Fourteenth Claim for Relief and that part of the Sixteenth Claim for Relief which alleges a conspiracy to defraud JCF.

### IV.

JCF's Sixteenth Claim for Relief is based on a violation of 18 U.S.C. § 1962 (RICO). CNB has moved to dismiss this claim on the grounds that JCF has failed to plead this claim with the specificity required under Fed.R.Civ.P. 9(b) and that JCF has failed to allege facts which establish the elements of a RICO claim.

■ To state a RICO claim, a plaintiff need only allege (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity; (5) which causes injury in his business or to his property. *Sedima S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). While the Court in *Sedima* did state that RICO is to be read broadly, the Court also recognized the legitimate concerns of the lower courts stemming from RICO's evolving divergence from its original conception as a tool to fight organized crime, to a civil remedy of extraordinary breadth. *Id.* 105 S.Ct. at 3287. As this Court noted in *Miller v. Calvin,* 647 F.Supp. 199 (1985), *Sedima*'s message to lower courts concerned about RICO's expansive potential was to focus on the requirement of a pattern of racketeering activity.

■ JCF asserts that defendant CNB made several independent decisions to deceitfully conceal different material existing facts from JCF in order to lull JCF into advancing funds in reliance on collateral which CNB was claiming for itself. JCF asserts that these several independent acts constitute a pattern of racketeering activity. We disagree.

As in *Calvin v. Miller,* we are of the view that while plaintiff has alleged multiple "racketeering acts", they have failed to sufficiently allege a pattern of racketeering activity. All of the acts complained of by JCF arise from a single financing arrangement for a single construction project. All of the acts complained of were in furtherance of this single event. Accordingly, we find that JCF has failed to sufficiently allege a pattern of racketeering activity and the Motion to Dismiss the Sixteenth Claim for Relief is GRANTED.

---

**1.** While CNB is not named in the 14th Claim for relief, we will address this claim for the reasons stated below.

## V.

For the reasons stated herein, it is OR-DERED that Plaintiff's Fourth, Twelfth, Fourteenth, Sixteenth and Nineteenth Claims for Relief be DISMISSED.