Herman KAMIN, Plaintiff,

v.

COLORADO NATIONAL BANK OF DENVER, a national banking association; F. Lynn French, Stephen S. French, and Pamela Mercier, Defendants.

Civ. A. No. 85–F–1814.

United States District Court, D. Colorado.

Feb. 18, 1986.

Thomas J. Byrne, Michael L. Poindexter, Denver, Colo., David L. Braverman, Rona J. Rosen, Philadelphia, Pa., for plaintiff.

Edwin S. Kahn, James W. Hubbell, Denver, Colo., for defendant Colorado Nat. Bank.

John Allen Moore, Grand Junction, Colo., for defendants F. Lynn French, Stephen S. French, and Pamela Mercier.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER IS before the Court on defendant Colorado National Bank of Denver's Motion to Dismiss RICO Claim. The motion was filed on December 18, 1985, in response to this Court's order that the parties file briefs setting forth their respective positions on the RICO claim contained in plaintiff's Complaint. We have carefully considered the arguments of the parties, and the relevant statutory and case law, and are of the view the motion should be *GRANTED*.

Plaintiff alleges that defendant Colorado National Bank (CNB) induced him, through false and misleading misrepresentations, omissions, threats of loan acceleration, and other conduct to invest in the equity securities of two bank holding companies, Telluride Bankshares, Inc. and Montrose County

Bankshares, Inc. Plaintiff also alleges that CNB engaged in four separate instances of fraud in connection with the purchase and sale of the securities. These allegedly fraudulent transactions are the predicate acts which form the basis of the RICO claim in Count VI of the Complaint. Plaintiff further alleges that the remaining defendants engaged in repeated violations of the securities laws and of the federal mail fraud statute, 18 U.S.C. § 1341. These alleged violations also constitute predicate acts for purposes of the RICO claim.

## I.

Defendant CNB contends that plaintiff has failed to plead the RICO claim with the particularity required by Fed.R.Civ.P. 9(b). Initially, we question the timeliness of defendant's argument.

Rule 9(b) governs the pleading of a predicate offense in a RICO claim if that offense involves fraud. *Saine v. A.I.A., Inc.*, 582 F.Supp. 1299, 1303 (D.Colo.1984). Plaintiff's Complaint alleges fraud in the sale of securities and violations of the federal mail fraud statute as predicate offenses to the RICO claim. Thus, they must be pleaded with particularity.

■ One of the purposes advanced for the particularity requirement of Rule 9 is to enable a defendant to prepare a meaningful Answer to a Complaint. *In re Longhorn Securities Litigation*, 573 F.Supp. 255, 263–64 (W.D.Okla.1983); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1296 at 399–400 (1969 & Supp. 1985). Thus, it would appear that the appropriate time to attack the lack of particularity in an allegation of fraud is before an Answer is filed and pursuant to Fed.R. Civ.P. 12(b) or (e). *Brooks v. Trans World Airlines*, 574 F.Supp. 805, 810 (D.Colo. 1983).

■ CNB filed an Answer to plaintiff's Complaint on September 16, 1985. We agree with the court in *Brooks*, that it is disingenuous for a defendant to claim they did not have sufficient notice of a claim once an Answer has been filed in response to that claim. *Id.* at 810.

However, even if defendant's Rule 9(b) argument had been raised earlier, we find that the Complaint complies with the particularity requirements of the rule. Rule 9(b) is to be read in conjunction with the liberal pleading requirements of Rule 8. Thus, under Rule 9(b), a plaintiff is only required to plead with particularity the circumstances constituting the fraudulent activity. *Duran v. Clover Club Foods Co.*, 616 F.Supp. 790, 793 (D.Colo.1985); *In re Longhorn Securities Litigation*, 573 F.Supp. 255, 263 (W.D.Okla.1983). Rule 9 does not require a plaintiff to plead detailed evidentiary matters. *Philbosian v. First Financial Securities Corp.*, 550 F.Supp. 61 (D.Colo.1982). Plaintiff's Complaint, which consists of forty pages, and is accompanied by several exhibits, sufficiently apprises the defendants of the circumstances constituting the fraudulent activity. As discussed earlier, defendant had sufficient information so as to file an Answer to the Complaint.

## II.

Plaintiff's sixth cause of action alleges a violation of 18 U.S.C. § 1962(c). Count VI also alleges that the defendants conspired to violate Section 1962(c), in violation of 18 U.S.C. § 1962(d). Defendant CNB contends that plaintiff has not alleged sufficient facts to establish a claim under RICO.

■ In order to state a cause of action under the RICO Act, a plaintiff need only allege 1) conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity; 5) which causes injury in his business or property. *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Plains Resources, Inc. v. John R. Gable*, 782 F.2d 883, 887 (10th Cir.1986). While the Court in *Sedima* did state that RICO is to be read broadly, the Court also recognized the legitimate concerns of the lower courts stemming from RICO's evolving divergence from its original conception as a tool to fight organized crime, to a civil remedy of

extraordinary breadth. *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3287, 87 L.Ed.2d 346 (1985). As we recognized in *Jackson County Federal Savings and Loan Ass'n v. Maduff Mortgage Corp.*, 649 F.Supp. 6 (D.Colo.1986) and *Miller v. Calvin*, 647 F.Supp. 199, (D.Colo. Oct. 22, 1985), *Sedima*'s message to lower courts concerned about RICO's expansive potential was to focus on the requirement of a pattern of racketeering activity. *Accord Allington v. Carpenter*, 619 F.Supp. 474, 477–78 (C.D.Cal.1985); *Professional Assets Management, Inc. v. Penn Square Bank*, 616 F.Supp. 1418, 1421 (W.D.Okla.1985); *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.*, 615 F.Supp. 828, 831–34 (N.D.Ill. 1985).

While Section 1961(5) requires at least two acts of racketeering activity, those two acts may not be sufficient to establish a pattern of activity. *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). Indeed, the occurrence of several predicate acts may not establish a pattern of racketeering activity where those acts are directed towards a single fraudulent scheme. *Professional Assets Management v. Penn Square Bank*, 616 F.Supp. 1418, 1421 (W.D.Okla.1985); *Northern Trust Bank/O'Hare v. Inryco, Inc.*, 615 F.Supp. 828, 832 (N.D.Ill.1985).

 Plaintiff alleges that defendant CNB engaged in a pattern of fraud by first inducing him to become involved in the management of the banks; and finally inducing him to buy out the remaining defendants and others, all to the detriment of plaintiff and the benefit of CNB. However, as we see it, plaintiff's Complaint sets forth only one fraudulent scheme, which was allegedly accomplished through numerous acts of wire, mail, and securities fraud. The underlying scheme, as set forth in ¶ 1 of plaintiff's Complaint was to induce plaintiff to invest in the equity securities of two bank holding companies. Thus, while plaintiff has alleged several predicate acts, each of those acts is only

directed towards a single fraudulent scheme. As such, the Complaint fails to sufficiently allege a pattern of racketeering activity.

### ORDER

ACCORDINGLY, for the reasons set forth above, Defendant's Motion to Dismiss, contained in the December 18, 1985 Response of Colorado National Bank to Plaintiff's RICO Memorandum is *GRANTED*. It is hereby

*ORDERED* that Count VI of plaintiff's Complaint be *DISMISSED*.