**UNITED STATES of America,**

v.

**The FRESHIE COMPANY, a/k/a New Freshie Corporation, a/k/a Freshie Food Service, Inc., Anthony Pili.**

Cr. No. 86–193.

United States District Court, E.D. Pennsylvania.

June 23, 1986.

James A. A. Pabarue, Bucky Mansuy, Asst. U.S. Attys., Philadelphia, Pa., for the U.S.

J. Clayton Undercofler, III, Philadelphia, Pa., for defendant Anthony Pili.

Gregory T. Magarity, Philadelphia, Pa., for defendant The Freshie Co.

## ORDER

NEWCOMER, District Judge.

AND NOW, this 23rd day of June, 1986, upon consideration of the motion of defendant The Freshie Company to dismiss count two of the indictment and the government's response thereto, it is hereby Ordered that the motion is DENIED.

Count two of the indictment charges defendant Freshie with using proceeds obtained from racketeering activity to invest in Freshie, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(a). Freshie argues that this count is deficient because Freshie is named as both the "person" and the "enterprise."

Section 1962(a) provides:

It shall be unlawful for any *person* who has received any income derived, directly or indirectly, from a pattern of racketeering activity ... *to* use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in ... the establishment or operation of, any *enterprise....*" (emphasis supplied).

In *B.F. Hirsch v. Enright Refining Co., Inc.,* 751 F.2d 628 (3d Cir.1984) the Third Circuit held that under § 1962(c) of RICO, the "person" and "enterprise" must be distinct entities,[1] while specifically declining to decide whether section 1962(a) also required that the person and enterprise named be separate entities. *Id.* at 634. Neither the parties nor the Court discovered any more recent Third Circuit authority on this issue.

At first glance one might reasonably believe that since "person" and "enterprise" must be distinct under subsection 1962(c), the same should follow for subsection 1962(a), based on the belief that Congress placed two separate terms in the statute to denote distinct entities throughout the statute. Upon a closer reading, however, I believe the phrase found in 1962(c) "employed by or associated with," distinguishes the two sections. While one cannot reasonably "employ" or "associate with" oneself, "[l]ogic dictates that a corporation, receiving income from a pattern of

---

1. Section 1962(c) states, in relevant part:

   It shall be unlawful for any *person employed by or associated with any enterprise* ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. (emphasis supplied).

racketeering in which it has participated as a principal, can invest that income in its own operations." *Commonwealth of Pennsylvania v. Derry Construction Co.,* 617 F.Supp. 940, 943 (W.D.Pa.1985).

Two cases support my conclusion that a defendant who receives ill-gotten profits and then invests them in its own enterprise can be charged with violation of § 1962(a). *See Derry,* 617 F.Supp. at 943; *United States v. Yonan,* 622 F.Supp. 721, 728 (N.D.Ill.1985) ("Certainly Congress could rationally have decided an individual who engages in a 'pattern of racketeering activity' and puts his or her ill-gotten gains to work in his or her interstate-commerce-affecting business ... should be criminally responsible under federal law, while the same person who puts the same dollars into flashy sportscars should not."). *But see United States v. Computer Sciences Corp.,* 689 F.2d 1181, (4th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983) (speaking broadly and not discussing any potential distinguishing features among the language of the subsections, the court concludes that the "enterprise" and the "person" must be distinct entities throughout RICO).

Moreover, this statutory interpretation effects "[o]ne of the Congressional purposes in enacting RICO [namely] to prevent the takeover of legitimate businesses by criminals and corrupt organizations." *Hirsch,* 751 F.2d at 633–34 (citations omitted). *See also Haroco Inc. v. American National Bank & Trust Company of Chicago,* 747 F.2d 384, 402 (7th Cir.1984), *aff'd per curiam,* — U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985) (dicta):

> As we parse subsection (a), a 'person' (such as a corporation-enterprise) acts unlawfully if it receives income derived directly or indirectly from a pattern of racketeering activity in which the person has participated as a principal within the meaning of 18 U.S.C. § 2, and if the person uses the income in the establishment or *operation* of an enterprise affecting commerce. Subsection (a) does not contain any of the language in sub-

section (c) which suggests that the liable person and the enterprise must be separate. (emphasis in original).

AND IT IS SO ORDERED.