Edmond H. MASRI, Plaintiff,

v.

Gray WAKEFIELD, Fred S. Schwend, Tom W. Sigler, Johnie M. Ouzts, Paul D. Meadows, Gerald B. Haeckel, Joseph P.D. Hull, Jarl P. Johnson, Joel L. Reed, Charles F. Savage, Robert E. Kellerman, William E. Macaulay, Ensource, Inc., The First Boston Corporation, E.F. Hutton & Company, Inc., Odyssey Partners, and Oppenheimer & Co., Inc., Defendants.

Charles RUBENSTEIN, Plaintiff,

v.

Gray WAKEFIELD, Fred S. Schwend, Tom W. Sigler, Johnie M. Ouzts, Paul D. Meadows, Gerald B. Haeckel, Joseph P.D. Hull, Jarl P. Johnson, Joel L. Reed, Charles F. Savage, Robert E. Kellerman, William E. Macaulay, Ensource, Inc., the First Boston Corporation, E.F. Hutton & Company, Inc., Odyssey Partners, and Oppenheimer & Co., Inc., Defendants.

Civ. A. Nos. 82–JM–862, 82–JM–863.

United States District Court, D. Colorado.

July 28, 1983.

Sheldon E. Friedman, Denver, Colo., Richard D. Greenfield, Nicholas E. Chimicles, Carole A. Broderick, Bala Cynwyd, Pa., Seymour L. Kurland, Ian A.L. Strogatz, M. Norman Goldberger, Philadelphia, Pa., William Jarblum & James Fornari, Barry J. Pinkowitz, New York City, for plaintiff.

Richard L. Schrepferman and Charles J. Kall, Denver, Colo., John C. Snodgrass and Donald T. Hedges, Jr., Houston, Tex., Michael W. Mitchell and Deborah Lin Smith, New York City, George Miller, Denver, Colo., Paul C. Saunders, Jeanne Edna Thelwell, Joseph F. Tringali and Robert A. Wallner, New York City, Harry L. Hobson and Wm. J. Baum, Jr., Denver, Colo., Dennis J. Block and H. Adam Prussin, New York City, Donald McKinlay, Denver, Colo., C. Michael Buxton and Charles D. Tetrault, Washington, D.C., for defendants.

ORDER

JOHN P. MOORE, District Judge.

This matter is before me upon the defendants' motions to dismiss, the plaintiffs' motion to reconsider a magistrate's order and a motion to strike the plaintiffs' reconsideration motion. These civil actions were consolidated as the cases present related claims for damages under the securities laws of the United States. I ordered that the defendants' motions to dismiss be considered first while the plaintiffs be permitted to proceed with discovery in order to

respond to the defendants' motions for summary judgment. Subsequently, a dispute over the discovery questions arose, and plaintiffs' motion for reconsideration of the magistrate's order was filed.

Jurisdiction to consider the matters presented is asserted pursuant to the Securities Act of 1933 and the Securities Exchange Act of 1934, 15 U.S.C. §§ 77v and 78aa. The plaintiffs in these consolidated cases challenge the Prospectus/Proxy Statement dated June 1, 1981, issued by the defendant Ensource in alleged association with other defendants. The plaintiffs assert violations of various securities laws and regulations promulgated thereunder. These suits are styled as class actions.

■ There are two issues raised by the defendants' motions to dismiss: whether Section 14(a), 15 U.S.C. § 78n is applicable to these cases and whether Section 17(a), 15 U.S.C. § 77q, provides for a private right of action. With regard to the Section 14(a) issue, the plaintiffs contend that discovery is needed to clarify whether a claim under Section 14 is appropriate. While I will address the discovery problem *infra*, suffice to say, discovery should go forward in this matter so that the plaintiffs can determine the dimensions of their case. I trust, that at an appropriate time, should the plaintiffs determine that Section 14 is inapplicable to the facts of this case, they will dismiss this claim on their own volition. Furthermore, I am mindful that motions to dismiss which are considered before the plaintiff has had a chance for discovery are subject to rigorous scrutiny. See generally *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Hospital Building Co. v. Rex Hospital Trustees*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1975). Accordingly, the motions to dismiss the Section 14(a) claims must be denied at this time.

The issue of whether an implied private right of action exists under Section 17(a) of the Securities Act of 1933 is one which has been presented to but not decided by the Supreme Court and over which the circuits are divided. In three cases, the Supreme

Court has declined to express an opinion on the implied private right of action question. See *Aaron v. SEC*, 446 U.S. 680, 689, 100 S.Ct. 1945, 1951, 64 L.Ed.2d 611 (1980); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 733 n. 6, 95 S.Ct. 1917, 1924 n. 6, 44 L.Ed.2d 539 (1975); and most recently, *Herman & MacLean v. Huddleston*, 459 U.S. 375, 103 S.Ct. 683, 685 n. 2, 74 L.Ed.2d 548 (1983). In *Herman*, the Supreme Court expressly reserved ruling on whether Section 17(a) affords a private remedy. The Court did not decide the question because the plaintiffs in that case had abandoned their 17(a) claim, thus mooting the issue.

Among the circuits, a slim majority of those who have considered the question find an implied private right of action. These include the Second Circuit in *Kirshner v. United States*, 603 F.2d 234, 241 (2nd Cir.1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); the Fourth Circuit in *Newman v. Prior*, 518 F.2d 97, 99 (4th Cir.1975); the Seventh Circuit in *Lincoln National Bank v. Herber*, 604 F.2d 1038, 1040 n. 2 (7th Cir.1979); and the Ninth Circuit in *Stephenson v. Calpine Conifer II, Ltd.*, 652 F.2d 808, 815 (9th Cir.1981). The converse is found by the recent Fifth Circuit decision *Landry v. All American Assurance Co.*, 688 F.2d 381, 387 (5th Cir.1982). The Fifth Circuit joins the Eighth Circuit in rejecting the private right of action concept. See *Shull v. Dain, Kalman & Quail, Inc.*, 561 F.2d 152, 159 (8th Cir.1977), *cert. denied* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). The Tenth Circuit observed that there is "considerable doubt" as to whether there exists an implied private right of action under Section 17(a) in *Ohio v. Peterson*, 651 F.2d 687, 689 n. 1 (10th Cir.1981). This comment followed the pronouncement by Chief Judge Finesilver in *Ohio v. Peterson*, 472 F.Supp. 402, 404 n. 3 (D.Colo.1979), that "this court and other courts within this district have uniformly held that § 17 of the 1933 Act creates no private cause of action."

■ Judge Finesilver's view is consistent with that held by Judge Doyle during his tenure on the trial court. See *Trussell v. United Underwriters, Ltd.*, 228 F.Supp. 757, 767–769 (D.Colo.1964). However, at least one of the currently sitting members of this court seems to have questions concerning the existence of the implied private right of action. Judge Kane has recently reserved ruling on this question pending the outcome of discovery in the cases he was considering. See *Sterling Recreation Organization Co. v. Seagel*, 537 F.Supp. 1024, 1029 (D.Colo.1982); *Noland v. Gurley*, 566 F.Supp. 210, 213–214. *Philbosian v. First Financial Securities Corp.*, 550 F.Supp. 61, 63 (D.Colo.1982). Yet, other trial judges in this circuit have tackled the question directly and determined that no private right of action is implied by the statute. See *Woods v. Homes & Structures*, 489 F.Supp. 1270, 1284–1288 (D.Kan. 1980).

Section 17 of the 1933 Act provides, in pertinent part, as follows:

(a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce, or by use of the mails, directly or indirectly—(1) to employ any device, scheme or artifice to defraud; or (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) to engage in any transaction, practive, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

15 U.S.C. § 77q.

In reviewing this statute I have taken into consideration the four factors used by the Supreme Court in determining whether a federal statute provides a private remedy.

(1) Is the plaintiff 'one of the class for whose especial benefit the statute was enacted'—that is, does the statute create a federal right in favor of the plaintiff? (2) Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? (3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? (4) Is the cause of action one traditionally relegated to state law, in any area basically the concern of the states so that it would be inappropriate to infer a cause of action based solely on federal law?

See *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). I find the reasoning of the Fifth Circuit in *Landry, supra*, persuasive. "[I]t would appear that the *Cort* test as applied to § 17(a) of the Securities Act of 1933 points away from the implication of a private cause of action." 688 F.2d at 391. This, together with the Supreme Court's conservative interpretation of the test in recent years, prompted the Fifth Circuit to affirm the dismissal of a § 17(a) claim. I find the analysis of Judge O'Connor in *Woods*, and of the Fifth Circuit in *Landry*, compelling and thus conclude that no private right of action exists under § 17(a).

This particular question is, however, one which obviously is consuming a great deal of court time and litigation expense and effort. I would be grateful to have the circuit's guidance on the issue. Several years ago a visiting judge declined to set the rule in this circuit on the § 17(a) question. He merely observed that "there is considerable doubt as to whether a private right of action exists under § 17(a)." *State of Ohio v. Peterson*, 651 F.2d 687, 689 n. 1 (10th Cir.1981) (Palmieri, J.). Accordingly, through this order I will certify the question to the circuit so that the parties may present this question to the court under 28 U.S.C. § 1292(b) as this is a "question of law as to which there is substantial ground for difference of opinion" and an appeal "may materially advance the ultimate termination of the litigation."

The cloud over the discovery proceedings in this matter can be handled best by vacating the Order of the Magistrate dated De-

cember 29, 1982, and by permitting the parties discovery so that the summary judgment motions pending in this matter can be resolved against a full and complete factual record. The parties shall reconvene with the magistrate at his earliest convenience for a further discovery conference at which time a final briefing schedule for the summary judgment motions will be established.

Accordingly, it is

ORDERED that the defendants' motions to dismiss the plaintiffs' claims under § 17(a) of the Securities Act of 1933 are granted; the motions to dismiss the plaintiffs' claims under § 14 are denied without prejudice; the Order of the Magistrate of December 29, 1982, is vacated; the Motion for Reconsideration and the Motion to Strike are moot; the question of whether there exists a private right of action under § 17(a) of the Securities Act of 1933 is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b); the Court will defer ruling on the motion for class certification pending resolution of the summary judgment motions.