**J.L. CREECH and M.V. Creech Corporation, Plaintiffs,**

v.

**The FEDERAL LAND BANK OF WICHITA, the Federal Land Bank Association of Colorado Springs, Jack Perry, Loris Miller, Shelby Back, Thomas Burrel, Barry Cooper, Robert Stamp, and David Cure, Defendants.**

No. 86–F–858.

United States District Court,
D. Colorado.

Sept. 23, 1986.

Jerry Creech, pro se.

Charles M. Johnson, Jack L. Smith, Holland and Hart, Denver, Colo., for defendants.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER is before the Court on Defendants' Motion to Dismiss. The Motion is granted, for the reasons expressed below.

### I.

J.L. Creech, acting as M.V. Creech Corporation, became a member and stockholder in the Federal Land Bank Association of Colorado Springs (the Association). Mr. Creech then received loans in a unspecified amount from the Association. The loans were secured by the plaintiff's executed deed of trust. Plaintiff has evidently not been able to fully perform his loan obligations.

Plaintiff filed his Complaint on April 29, 1986 in this Court. He alleges that the defendants (the Association, its Land Bank "parent", and various employees) (1) engaged in a scheme to obtain his property by fraud or deceit, (2) obtained funds from him by extortion, (3) violated the securities laws, (4) violated the Racketeer Influenced and Corrupt Organizations Act (RICO), and (5) breached fiduciary duties owed to plaintiffs. In addition, plaintiffs' Complaint accuses defendants of misrepresenting various facts, and of engaging in fraudulent behavior, to plaintiffs' detriment. Plaintiffs request more than 4.5 million dollars in damages, an injunction, and costs.

### II.

We note initially that a complaint should not be dismissed unless it appears that plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir.1976). Dismissal is appropriate only if upon viewing the allegations of the pleadings in the light most favorable to the plaintiffs, as we are required to do under Rule 12, Fed.R.Civ.P., it appears as a matter of law that plaintiffs cannot prevail under any set of facts. *Id.* Defendants' Motion to Dismiss urges that we dismiss the Complaint on numerous grounds. Each argument will be addressed in turn.

*A. Causes of action under 18 U.S.C. § 1341, 18 U.S.C. § 1951, and 15 U.S.C. § 77q.*

■ Defendants claim that no private cause of action exists under several of the statutes cited by the plaintiffs in their Complaint. We agree. First, no private cause of action exists for mail fraud under 18 U.S.C. § 1341. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir.1979); *Bell v. Health-Mor, Inc.*, 549 F.2d 342 (5th Cir. 1977); *Milburn v. Blackfrica Promotions*, 392 F.Supp. 434 (S.D.N.Y.1974).

■ Second, we find that no implied private right of action exists under 18 U.S.C. § 1951. The statute is purely criminal in nature. Provision of a criminal penalty does not necessarily preclude implication of a private cause of action. However, a "bare criminal statute," which contains absolutely no indication that a civil remedy is available, does not provide a basis from which to infer a private cause of action. Congressional intent to create such a remedy, the most important factor to consider when determining if an implied private remedy exists, *see Cort v. Ash*, 422 U.S. 66, 79–80, 95 S.Ct. 2080, 2088–2089, 45 L.Ed.2d 26 (1975), cannot be found on the face of such a statute. *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir.1979).

■ Lastly, this Court has consistently held that no private cause of action exists under 15 U.S.C. § 77q. *In Re Storage Technology Corporation Securities Litigation,* 630 F.Supp. 1072 (D.Colo.1986); *Masri v. Wakefield,* 602 F.Supp. 404 (D.Colo.1983); *Ohio v. Peterson,* 472 F.Supp. 402 (D.Colo.1979), *aff'd,* 651 F.2d 687, 689 (10th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981); *Trussell v. United Underwriters, Ltd.,* 228 F.Supp. 757 (D.Colo.1964). The Tenth Circuit has not fully addressed the issue, but has expressed "considerable doubt" as to whether there exists an implied private right of action under 15 U.S.C. § 77q. *Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 651 F.2d 687, 689 n. 1 (10th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981).

As such, plaintiffs may not proceed under 18 U.S.C. § 1341, 18 U.S.C. § 1951, or 15 U.S.C. § 77q. Their Complaint, inasmuch as it is based on those statutes, must be dismissed.

### B. Cause of action under various securities laws

■ For the reasons stated above, plaintiffs' claims under 15 U.S.C. § 77q are not cognizable. The totality of plaintiffs' securities claims appear to be brought pursuant to that section. However, inasmuch as the claims can be construed to rest on portions of the Securities Act for which a private cause of action *is* available, plaintiffs' claims must still be dismissed. Defendants are exempted from the provisions of the Securities Act, pursuant to 15 U.S.C. § 77c(a)(2), which reads in pertinent part:

> ... the provisions of this subchapter shall not apply to any of the following classes of securities: ... any security issued or guaranteed by ... any person controlled or supervised by and acting as an instrumentality of the Government of the United States pursuant to authority granted by the Congress of the United States.

*See Schlake v. Beatrice Production Credit Association,* 596 F.2d 278, 281 (8th Cir.

1979) (banks in the Farm Credit System have agency status in the governmental scheme). Therefore, the entirety of plaintiffs' claims under the Securities Act must be dismissed.

### C. Cause of action under the Racketeer Influenced and Corrupt Organizations Act.

■ Defendants assert that plaintiffs' claim under the RICO statute must be dismissed, as they have failed to allege facts underlying the claim with sufficient specificity. We agree. The facts allegedly constituting the "pattern of racketeering activity" charged by the plaintiffs include allegations in the nature of fraud, deceit, or misrepresentation. As such, the RICO claim is governed by the provisions of Rule 9(b), Fed.R.Civ.P. *Saine v. A.I.A., Inc.,* 582 F.Supp. 1299, 1303 (D.Colo.1984); *Systems Research, Inc. v. Random, Inc.,* 614 F.Supp. 494 (N.D.Ill.1985). To meet the requirements of Rule 9(b), plaintiffs must identify the defendants with whom they dealt, the occasions at which any misstatements were made, who made such misstatements, and exactly what was misrepresented and how. *Id. See also Seattle-First National Bank v. Carlstedt,* 800 F.2d 1008 (10th Cir.1986); *Noland v. Gurley,* 566 F.Supp. 210, 216 (D.Colo.1983); *Trussell v. United Underwriters Ltd.,* 228 F.Supp. 757, 774 (D.Colo.1964).

Plaintiffs have not met this standard. The allegations in the nature of fraud, misrepresentation, etc. which form the basis of the RICO claim are painted with a broad brush in the Complaint. No specific times or places are designated; nor are specific defendants identified with specific incidents or circumstances. As such, plaintiffs' RICO claim must be dismissed.

■ To prevail on a claim under the RICO Act, plaintiffs must also plead at least two predicate acts, which constitute a "pattern of racketeering activity." *Sedima S.P.R.L. v. Imrex Co., Inc.,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). A pattern of racketeering activity requires multiple criminal episodes or schemes, not

simply multiple predicate acts to accomplish a single scheme. *Kamin v. Colorado National Bank of Denver*, 648 F.Supp. 52, 54 (D.Colo.1986). This the plaintiffs have not done. The predicate acts as well as multiple schemes amounting to a pattern of racketeering activity must be pled with the specificity required by Rule 9(b), Fed.R. Civ.P. Absent the requisite specificity, the Complaint must be dismissed.

### D. Claim under the Farm Credit Act

■ Defendants assert that plaintiffs' claims under the Farm Credit Act, 12 U.S.C. § 2001 et seq., must be dismissed, as no private cause of action may be implied from the Act. We agree.

■ This Court agrees with the reasoning of the 11th Circuit and the 6th Circuit, in *Smith v. Russellville Production Credit Association*, 777 F.2d 1544 (11th Cir.1985) and *Bowling v. Block*, 602 F.Supp. 667 (S.D.Ohio 1985), *aff'd*, 785 F.2d 556 (6th Cir.1986). The statute does not provide private rights to an identifiable class, and does not explicitly prohibit certain conduct as unlawful. Most importantly, neither the Act itself nor its legislative history sufficiently support the inference of Congressional intent to create such a private cause of action. Congressional intent remains the focus of any inquiry into whether a statute creates a private remedy. *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). We can find no indication in the statute or legislative history that Congress intended for individuals to somehow enforce the goals of the Farm Credit Act through private action commenced under that Act. Other methods, both in the judicial system and without, may be available to the plaintiffs. As there is no private cause of action under the Farm Credit Act, plaintiffs' claim under that Act must be dismissed.

### E. Claim for breach of fiduciary duty

■ Defendants argue that no fiduciary relationship exists between defendants and plaintiffs, and that even if such a relationship did exist, the plaintiffs have failed to allege facts which could support a claim for breach of the relationship. We disagree.

This Court is of the view that a fiduciary relationship may exist between farmers and those who implement the provisions of the Farm Credit Act. Circumstances of the particular dealings between the parties are determinative of whether such a relationship exists. The regulations governing operation of Farm Credit Associations impose high standards of honesty, integrity and professionalism on officers, employees and agents of the Farm Credit System. *See, e.g.*, 12 C.F.R. § 612.200 et seq. *See also Boyster v. Roden*, 628 F.2d 1121 (8th Cir. 1980).

■ However, the fiduciary relationship, if any, between the parties in this case is not governed by the federal common law, but by state law. *See Boyster v. Roden*, 628 F.2d 1121 (8th Cir.1980); *Birbeck v. Southern New England Production Credit Association*, 606 F.Supp. 1030 (D.Conn.1985). Therefore, any claim for breach of fiduciary duty against these defendants, who are not federal defendants, exists under state law. Because we have determined that none of plaintiffs' claims asserted under federal law are cognizable as stated, we do not have subject matter jurisdiction to entertain plaintiffs' pendent state claims.

### F. Claims for fraud, misrepresentation, etc.

Plaintiffs' Complaint appears to assert claims under the various federal statutes addressed above. However, reading the Complaint with the latitude we are required to accord *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it appears that plaintiffs may also have attempted to state claims for fraud, deceit, and/or misrepresentation. Inasmuch as their Complaint can be so construed, the claims are state

claims, and must be dismissed for lack of subject matter jurisdiction.

### III.

ACCORDINGLY, plaintiffs' claims under 18 U.S.C. § 1341, 18 U.S.C. § 1951, 15 U.S.C. § 77q, and 12 U.S.C. § 2001 et seq. are dismissed with prejudice. Plaintiffs' claim under the 18 U.S.C. § 1961 et seq. is dismissed for failure to comply with the provisions of Rule 9(b), Fed.R.Civ.P. The remainder of plaintiffs' claims under state law are dismissed for lack of subject matter jurisdiction. The Complaint and the cause of action are dismissed. The Clerk of the Court is DIRECTED to enter judgment in favor of defendants and against the plaintiffs. Each party is to bear their own costs. Any imposition of costs under Rule 11, Fed.R.Civ.P., is denied.