William E. Murane, and Jeffrey T. Johnson, Holland & Hart, Denver, Colo., G. Stewart Webb, Jr., and Christopher R. Mellott, Venable Baetjer and Howard, Baltimore, Md., for plaintiff.

Stuart N. Bennett, and W. Keith Tipton, Roath & Brega, Denver, Colo., for defendants.

**JIFFY LUBE INTERNATIONAL, INC., Plaintiff,**

v.

**GREASE MONKEY HOLDING CORPORATION, Grease Monkey Corporation, Inc., Arthur R. Sensenig, and John L. Gallivan, Defendants.**

**Civ. A. No. 87–K–1082.**

United States District Court, D. Colorado.

Oct. 8, 1987.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a securities case. I assume jurisdiction pursuant to Section 27 of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78aa, Section 22 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77v and 28 U.S.C. § 1332.

This matter comes before me on defendants' motion to dismiss Count II of plaintiff's complaint pursuant to Fed.R.Civ.P. Rule 12(b)(6). In considering this motion, I am mindful of the rule in *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), which prohibits the dismissal of a complaint unless it appears beyond doubt that plaintiff can "prove no set of facts in support of his claim which would entitle him to relief." Viewing the pleadings in the light most favorable to the plaintiffs, as I am required to do under Rule 12, I find as a matter of law that plaintiffs can prevail under no set of facts. Therefore, defendant's motion to dismiss is granted.

Plaintiff Jiffy Lube International, Inc. ("Jiffy Lube") is a Maryland corporation. Jiffy Lube has filed suit against defendants Grease Monkey Holding Corporation (the "Company"), a Utah corporation; Grease Monkey International, Inc. ("GMI"), a wholly owned subsidiary of the Company; along with Arthur P. Sensenig as director

and President, and John L. Gallivan as director and Treasurer of the Company.

In Count II of the complaint, plaintiff alleges defendants' violation of § 17(a) of the 1933 Act. Defendant's alleged offenses include, *inter alia,* fraud and deceit upon the plaintiff through the material misrepresentation and failure to disclose material facts contained in Reports, and financial statements filed with the SEC as well as other publicly disseminated information. Plaintiff asserts satisfaction of the jurisdictional predicate of § 17(a) via defendants' direct and indirect, use of the mails, the means and instrumentalities of interstate commerce and means or instruments of transportation or communication in interstate commerce.

Defendants counter these allegations arguing that no private cause of action exists under § 17(a) upon which plaintiff can rest its claim.

Section 17(a) in pertinent part provides:

(a) "It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser."

■ The sole question of law before me is whether an implied private cause of action exists under § 17(a) of the 1933 Securities Act. The Supreme Court has yet to decide this issue.[1] The circuits are split.[2] I have addressed this issue on a three prior occasions, each time reaching the same result. In my previous opinions, I deferred judgment pending "further discovery to determine whether the conduct that damaged the plaintiff was violative of section 17(a) and not the regulations promulgated under section 10(b) of the 1934 Act, 15 U.S.C. § 78j(b)." *Noland v. Gurley,* 566 F.Supp. 210, 214 (D.Colo.1983). *Accord Philbosian v. First Financial Securities Corp.,* 550 F.Supp. 61, 62–3 (D.Colo.1982); *Sterling Recreation Organization Co. v. Segal,* 537 F.Supp. 1024, 1028–29 (D.Colo.1982). In each of these cases I found it premature to decide the issue without first getting a fuller picture of the record through the aid of additional discovery. However, subsequent authority has proven this view to be both inefficient and mistaken.

In recent years, a number of judges in this district have held no private right of action exists under § 17(a). *Creech v. Fed-*

---

1. The Supreme Court, however, has steadily endorsed a more rigid stance in determining whether a private remedy is to be implied from a federal statute. In *Cort v. Ash,* the Court adopted a four-part test to measure whether a private cause of action could be implied. 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). In 1979, the Court modified the *Cort* test and adopted a stricter standard. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). In *Touche Ross,* the Court stressed congressional intent over the other *Cort* factors, holding that private rights of action may be implied only if Congress intended to create such a remedy. 442 U.S. at 568, 99 S.Ct. at 2485. *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) reemphasized that congressional intent is controlling on this issue. Thus, by focusing its analysis on the question of congressional intent, the Supreme Court has sharply limited the availability of implied private rights of action.

2. The Fifth, Eighth and Ninth Circuits have held that no private right of action exists under § 17(a). The Second and Fourth Circuits have found one to exist. *Compare Landry v. All Am. Assurance Co.,* 688 F.2d 381 (5th Cir.1982); *Shull v. Dain, Kalman & Quail, Inc.,* 561 F.2d 152 (8th Cir.1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *In re Washington Public Power Supply Systems Securities Litigation,* 823 F.2d 1349 (9th Cir.1987), *with Kirshner v. United States,* 603 F.2d 234 (2nd Cir.1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); *Newman v. Prior,* 518 F.2d 97 (4th Cir.1975). The Tenth Circuit has not yet decided this issue. *E.g., Creech v. Federal Land Bank of Wichita,* 647 F.Supp. 1097, 1100 (D.Colo.1986).

*eral Land Bank of Wichita,* 647 F.Supp. 1097, 1100 (D.Colo.1986); *In Re Storage Technology Corporation Securities Litigation,* 630 F.Supp. 1072, 1079–80 (D.Colo. 1986); *Masri v. Wakefield,* 602 F.Supp. 404 (D.Colo.1983); *Ohio v. Peterson,* 472 F.Supp. 402 (D.Colo.1979), *aff'd,* 651 F.2d 687, 689 (10th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981). I find these decisions legally sound and persuasive. A brief review of these cases is instructive.

In *Creech v. Federal Land Bank of Wichita,* plaintiff's claim under 15 U.S.C. § 77q was dismissed with Chief Judge Finesilver acknowledging the steadfast position of various courts in the district that no private cause of action under § 17(a) exists. 647 F.Supp. at 1100. In addition, the court pointed out that although the Tenth Circuit had not yet directly addressed the issue, it had expressed "considerable doubt" concerning the existence of this implied private right of action. *Id.* (quoting *Ohio v. Peterson,* 651 F.2d 687, 689 n. 1 (10th Cir.1981), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981)).

The court in *In Re Storage Technology Corporation Securities Litigation* reviewed the history of this circuit's treatment of the issue now before me. 630 F.Supp. 1072, 1079–80. Judge Matsch noted that whenever his or other courts in the district were squarely presented with the question, rejection of a private cause of action under § 17(a) was unanimous. *Id.* at 1079.

Next, the court traced the genesis of an ostensible private remedy under § 17(a) to Chief Judge Friendly's concurrence in *SEC v. Texas Gulf Sulphur Co.,* 401 F.2d 833 (2nd Cir.1968), *cert. denied,* 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969). *Id.* In discussing Rule 10b–5 promulgated under § 10(b) of the 1934 Act, Judge Friendly, in dicta, expressed considerable doubt regarding the intended creation of a private remedy under § 17(a), but then added "[o]nce it had been established ... that an aggrieved buyer has a private action under § 10(b) ..., there seemed little practical point in denying the existence of such an

action under § 17...." *Id.* at 867 (Friendly, J., concurring). However, courts relying on *Texas Gulf Sulphur* in support of a private right have been misled due to the omission from this quoted language of an "important proviso that fraud, as distinct from mere negligence, must be alleged." *See In re Washington Public Power Supply Systems Securities Litigation,* 823 F.2d 1349, 1350 (9th Cir.1987) (en banc) (overruling the courts in both *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808 (9th Cir.1981) and *Mosher v. Kane,* 784 F.2d 1385 (9th Cir.1986) for their fatal reliance on *Kirshner v. United States,* 603 F.2d 234 (2nd Cir.1978) which originally misquoted Judge Friendly in *SEC v. Texas Gulf Sulphur,* 401 U.S. 833, 867 (2nd Cir. 1968)).

Although Judge Friendly's celebrated quote is credited with spawning the current fragmentation over this issue, recent Supreme Court precedents have settled much of the confusion. *See Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (the Court limited the reach of Rule 10b–5 to the narrower language of § 10(b) of the 1934 Act by requiring "scienter" as an essential element of plaintiff's cause of action); *Aaron v. SEC,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980) (the Court highlighted the dissimilarities between § 17(a) and § 10(b) by holding that negligence, not scienter, is a prerequisite for an SEC injunction action under 17(a)(2) or 17(a)(3), but not under 17(a)(1), which by the very language of § 17(a) requires scienter). 446 U.S. at 695–97, 100 S.Ct. at 1955–56.

Judge Moore in *Masri v. Wakefield,* 602 F.Supp. 404 (D.Colo.1983) analyzed the private right of action issue by applying the four-part test laid down in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). This test is used to determine whether a federal statute provides a private remedy. I summarized the four-part test in *Sterling Recreation Organization Co. v. Segal,* 537 F.Supp. 1024, 1028 (D.Colo.1982) as follows: (1) Is the plaintiff "one of the class for whose especial benefit the statute was enacted,"—that is, does the statute create a federal right in favor of

the plaintiff? (2) Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one? (3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? (4) Is the cause of action one traditionally relegated to state law, in any area basically the concern of the states so that it would be inappropriate to infer a cause of action based solely on federal law? (quoting *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975)).

In answering the issue presented in the negative, both Judge Moore in *Masri* and Judge Matsch in *In re Storage Technology* were persuaded by the Fifth Circuit's decision in *Landry v. All American Assurance Co.,* which held "the *Cort* test as applied to § 17(a) ... points away from the implication of a private cause of action." *See e.g., Masri,* 602 F.Supp. at 406 (quoting *Landry v. All American Assurance Co.,* 688 F.2d 381, 391 (5th Cir.1982)). In sum, the conclusion drawn by *Landry* is (i) the statutory language of § 17(a) offers no suggestion of congressional intent to permit an implied remedy, (ii) the legislative history of the 1933 Act contains no evidence that Congress intended to create a private right of action, (iii) attempts to imply a private right conflict with the statute's integrity, and (iv) liability for the sorts of transactions arising under § 17(a) is not the kind of subject traditionally relegated to state courts. 688 F.2d at 389–91. I find *Landry*'s analysis compelling and I agree that under *Cort,* no § 17(a) private cause of action exists.

Furthermore, the Ninth Circuit recently addressed the issue at bar and, after employing the *Cort* test, found "no indication ... of legislative intent to create a private right of action under § 17(a)." *In re Washington Public Power Supply Systems Securities Litigation,* 823 F.2d 1349, 1352 (9th Cir.1987). The court added that attempts to imply such a right are "incon-

sistent with the statutory scheme of the Act."[3] *Id.* at 1353. Notwithstanding plaintiff's failure to set forth arguments favoring a contrary result under *Cort,* I, nevertheless, am convinced the determination of the Ninth Circuit is correct and should be followed.

 Finally, plaintiff insists that I defer judgment on this issue pending further discovery. See Plaintiff's Response to Motion to Dismiss p. 1. Plaintiff cites three authorities in support: *Minchau v. Haimsohn,* United States District Court for the District of Colorado, Civil Action No. 87–C–183 (May 5, 1987); *Noland v. Gurley,* 566 F.Supp. 210 (D.Colo.1983); *In re Storage Technology Corp. Securities Litigation,* 630 F.Supp. 1072 (D.Colo.1986). In *Minchau,* Judge Carrigan allowed added discovery for essentially the same reasons I did in *Noland,* 566 F.Supp. at 214. As previously stated in this opinion, I no longer subscribe to this view and instead expressly disavow my holding in *Noland,* finding it without merit given the present status of the law. In addition, unlike these first two cases, *In re Storage* does not lend support to plaintiff's argument and is miscited for that proposition. Judge Matsch not only failed to imply a private right, he also clearly decided against allowing further discovery since it was "more efficient ... to dismiss plaintiffs' section 17(a) cause of action." *In re Storage,* 630 F.Supp. at 1079.

Accordingly, IT IS ORDERED:

1. Defendants' motion to dismiss is granted.

2. Count II of Plaintiff's complaint is therefore dismissed.

---

**3.** In a recent reaffirmation of *Cort v. Ash,* the Supreme Court stressed the second and third factors—congressional intent and statutory scheme—as "essential predicate[s] for implication of a private remedy." *Massachusetts Mutu-*

*al Life Ins. Co. v. Russell,* 473 U.S. 134, 145, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) (quoting *Northwest Airlines, Inc. v. Transport Workers,* 451 U.S. 77, 94, 101 S.Ct. 1571, 1582, 67 L.Ed.2d 750 (1981)).